**INTERNATIONAL TRAVELERS' ASS'N v. GRIFFING. (No. 9118.)**

(Court of Civil Appeals of Texas. Dallas. May 24, 1924. Rehearing Denied June 21, 1924.)

**1. Appeal and error ⚖➙719(5)—Questions not raised by assignment of error not considered on appeal.**

Where no error was assigned to excluding evidence, ruling cannot be considered on appeal.

**2. Insurance ⚖➙815(2)—Failure to notify of death held not to preclude recovery on benefit certificate in absence of verified plea.**

Under Rev. St. art. 5714, requiring that failure to give notice be specially pleaded under oath, in an action for a death on a benefit certificate, failure to give notice within the specified time cannot preclude recovery; the plea of failure to give such notice not being under oath.

**3. Evidence ⚖➙126(2)—Statement of deceased as to cause of injury held admissible as res gestæ.**

In an action on a benefit certificate for a death, where deceased started home, about one block distant, over slippery walks, and 30 or 40 minutes later arrived home suffering severe pain from a leg broken in two places, his statement, immediately after getting home, as to the cause of the injury, was admissible as res gestæ.

**4. Evidence ⚖➙121(1)—Acts and declarations admissible under res gestæ rule must be spontaneous outgrowth from principal litigated act.**

Acts and declarations, to be admissible as res gestæ, must be spontaneous outgrowth from, and part of, the principal litigated act, and the condition of the declarant will be considered; the statement ordinarily being held spontaneous if his condition was such as to raise the inference that the effect of the occurrence on his mind still continued.

**5. Insurance ⚖➙819(4)—Evidence held sufficient to sustain judgment that death was from violent external means.**

In an action on a benefit certificate insuring against death from injuries caused by external, violent, and accidental means, evidence that insured died from the effects of a fall on a slippery sidewalk held sufficient to support a judgment for plaintiff.

**6. Insurance ⚖➙719(1)—Subsequently enacted by-law held not to affect benefit certificate.**

Under Rev. St. art. 4807, where a benefit certificate insured against death from injuries caused by external, violent, and accidental means, it could not be avoided by subsequent amendment of the by-laws of the association requiring such injuries to be independent of all other causes.

Appeal from District Court, Dallas County; C. A. Pippen, Special Judge.

Action by Elsie S. Griffing against the International Travelers' Association. From judgment for plaintiff, defendant appeals. Affirmed.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

LOONEY, J. Elsie S. Griffing, plaintiff, sister of Frank D. Griffing and beneficiary in a policy of life insurance or certificate of membership issued by International Travelers' Association, defendant, brought this suit on the policy, alleging that the death of her brother, the insured, occurred on March 7, 1919, within the terms of the insurance contract. The case was tried without a jury, and judgment was rendered in favor of plaintiff for $6,100, being the amount of the policy plus accrued interest, from which defendant appealed.

The insurance contract, in so far as is material, reads as follows:

"International Travelers' Association, Dallas, Texas, U. S. A., by this certificate of membership certifies, that Frank D. Griffing is a member of said International Travelers' Association and is entitled to all the benefits provided for in the by-laws of said association in

force and effect at the time the accident occurs, from which his claim for such benefits arises, and by accepting this certificate he agrees to be bound by such amendments and changes in said by-laws as may be hereafter made. The by-laws of said association provide for the payment by said association· of the following benefits for injuries caused by external, violent and accidental means: * * * In case of death, amount realized from one $2.00 assessment levied on each member, maximum payment, $5,000.00. * * * "

Frank D. Griffing, the insured, was secretary of the Elks Club of Dallas, located about one block east of the residence occupied at the time by him and his sister, the appellee herein. He was crippled, as the result of an injury received in the year 1912, necessitating the use by him of a crutch in walking; but, in other respects, he was well and in good physical condition at the time he suffered the injury of which complaint is here made. On November 25, 1918, it was raining and sleeting, rendering the sidewalks slippery, and about 1 o'clock p. m. on that day insured left the Elks Club to go home for lunch. Within 30 to 40 minutes after leaving the club, he reached home; his leg was broken in two places, and he was suffering intensely. The evidence shows that the injury was caused by a fall, due to the slipping of his crutch, and that he died on March 7, 1918, as the result of the accidental injury.

At the time of his death, an assessment of $2 levied on each member of appellant association in good standing would have realized at least $5,000. There was in force at the time a by-law of appellant providing that no death claim would be paid unless proofs of death were filed in the office of the association by the claimant within 91 days from the date of the death of the member. There was also a by-law in force providing that death benefits would only accrue in the event death ensued within 26 weeks from the date of the accident. The death of insured occurred within 26 weeks from the date of the accident, but no proof of his death was ever filed by claimant in the office of the association.

On November 29, 1918, a few days after the injury, insured made out and furnished to appellant, on a blank provided by it for that purpose, a detailed report in writing of the accident and injury, stating therein, among other things, that the accident occurred at 1:23 p. m. November 25, 1918; that it had been raining that day, causing him to slip and fall; and that no one else witnessed the accident.

On January 22, 1919, appellant paid to the insured $200 benefits under the terms of the policy on account of the injury received, as evidenced by the following combined check and receipt:

"International Travelers' Association, No. 5349. Dallas, Texas. 1/22/1919. Pay to the order of Frank D. Griffing, $200.00 two hundred dollars. Acceptance of this check is a terminating settlement in full by the payee herein named of all claims against the International Travelers' Association under certificate of membership No. 939 for loss or damage by reason of all accidental injuries to this date, including injuries received on the 25th day of November, 1918. [Signed] Dave D. Cahn, Sec'y & Treas. [Countersigned] Price Cross, Pres."

The check is addressed to the American Exchange National Bank, Dallas, Tex. The receipt was signed and the check was collected by the insured.

[1] In the course of the trial below, appellant offered in evidence certain purported amendments to its by-laws adopted after the issuance of the policy. On objection by appellee the court excluded these amendments, to which ruling appellant excepted, prepared, had approved and filed a bill, which is a part of this record. These amendments, if legally adopted, changed the by-laws of the association in two material respects; that is to say, the provision as a condition precedent to liability that death should occur within 26 weeks from the date of the accident was changed to read 90 days, and, as touching the contingency insured against, which was described in the policy as "injuries caused by external, violent and accidental means," was by the amendment changed to read, "whenever a member of this association, in good standing, shall, through external, violent and accidental means, receive injuries which shall, independently of all other causes, result in his death," etc.

It will be noted that the change sought to be made by the amendment was the addition, after the words "accidental means," of the language, "which shall, independently of all other causes, result in death." As stated above, when these amendments were offered in evidence, they were excluded by the court on objection urged by appellee; but we fail to find an assignment of error complaining of the action of the court in this respect. It follows that the questions presented in propositions urged by appellant, based in any sense on the action of the court in excluding this evidence, and also questions presented by propositions based on the language of the by-laws as amended, are not before us, and therefore cannot be considered.

We now pass to the questions properly assigned and presented for review:

[2] By an appropriate assignment and proposition, appellant insists that the judgment below is not sustained by, but is contrary to, the uncontradicted evidence, in that, at the time of the alleged injury and death of Frank D. Griffing, there was in full force and effect a by-law of appellant providing that no death claim would be paid unless proofs of such death were filed in the office of the association by the claimant within 91 days from the date of the death of said member, etc. In our conclusions of fact we found that a

by-law such as is described above was in existence at the time of the injury and death of the insured, and we found, further, that no proof of his death was ever filed in the office of appellant within 91 days from the date of the death.

Appellant, in its answer below, pleaded the want of notice under this by-law, but the plea was not under oath, as required by the statute, nor did appellant attempt by allegation and proof to show that 91 days, required as a condition precedent to the right to sue, was a reasonable provision as applied to the contract in question.

Article 5714, Revised Statutes, provides:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and, * * * in any suit brought under this * * * article it shall be presumed that notice has been given, unless the want of notice is specially pleaded under oath."

In the case of W. H. Francis, Guardian, v. International Travelers' Association, 260 S. W. 938, decided by this court March 15, 1924, we gave to this statute a construction in harmony with the uniform interpretation heretofore given by the courts. We said:

"This statute required appellee, if it sought to take advantage of and defeat recovery on the ground that notice of claim of death had not been filed within ninety-one days of the death of the assured, to specially plead the same under oath in order to raise the issue at all.

"This it failed to do, as its plea was not sworn to. Hence, the conclusive presumption must be indulged that notice of the claim of death was in fact filed.

"It was said in one case construing this statute:

" 'The appellant in this case did not plead the want of notice under oath, and the presumption that notice was given is conclusive, and any evidence in relation thereto was inadmissible.' So. Kansas Ry. Co. v. Hughey (Tex. Civ. App.) 182 S. W. 364; St. L.; B. & M. Ry. Co. v. Marcofich (Tex. Civ. App.) 185 S. W. 51; North Am. Accident Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 757; St. Louis, etc., Ry. v. Honea (Tex. Civ. App.) 84 S. W. 268.

"Again it will be observed that article 5714 provides that any notice of a claim required by any contract as a condition precedent to sue shall never be valid, unless such stipulation is reasonable, and a stipulation for a less period than ninety days is pronounced void. In construing this provision in Taber v. Western Union, 104 Tex. 272, 137 S. W. 106, 34 L. R. A. (N. S.) 185, Mr. Justice Dibrell said:

" 'The purpose of the act was to fix a minimum period of ninety days from the time the cause of action arose in which notice of any claim for damages might be required by a stipulation as a condition precedent to the right to sue, and to declare as matter of law the invalidity of any contract undertaking to fix a shorter time than ninety days in which such notice is required to be given.'

"The by-law invoked by appellee stipulated for a period of ninety-one days. Was this a reasonable time as applied to the insurance contract in question? We think not. The time mentioned is just over the line of legal validity, and, in order for it to be considered reasonable in fact, the burden was upon appellee to plead and make proof of its reasonableness, which it neither did nor attempted."

For these reasons, we overrule this assignment.

[3] Appellant further contends that the court below committed reversible error in permitting appellee to testify over its objection to a statement made by deceased to his sister on arriving at his home with reference to the fall and injury and what caused him to fall; the objection being that there was nothing in the record to show the connection in time or distance, as to when and where the accident occurred, or how it occurred, and that such evidence was hearsay and self-serving.

There is no hard and fast rule as to the precise time near an occurrence within which declarations explanatory thereof must be made in order to be admissible. The facts and circumstances in cases vary so widely that the courts adjudicate the question according to the facts of the case under consideration and the admissibility whether or not of evidence as res gestæ rests largely in the discretion of the trial court. A satisfactory statement of the general rule is as follows:

"A declaration made or an act done after the happening of the principal fact may be admissible as a part of the res gestæ when it is so intimately interwoven with the principal fact by the surrounding circumstances as to raise a reasonable presumption that it was made or done under the immediate influence of the principal transaction or event itself, and is the spontaneous utterance or expression of thoughts created by and springing out of the transaction itself rather than the result of premeditation or design." 22 C. J. pp. 455, 458.

[4] In order that evidence of acts and declarations, otherwise objectionable, may be admitted under the res gestæ rule, it must appear that they are the spontaneous outgrowth from, in fact a part of, the principal litigated act, and, in determining the question of spontaneity, courts will also look to the condition of the declarant at the time of making the statement. A statement will ordinarily be held spontaneous if at the time when made the condition of declarant was such as to raise the inference that the effect of the occurrence on his mind still continued as when he had received an injury and was suffering severe pain. The element of time is not controlling, but is important, as it is obvious that a declaration or act is usually

spontaneous in proportion as it is near in point of time to the occurrence that called it forth; but, at last, the decision of each case must turn on its own peculiar facts.

The circumstances under which deceased made the statement to which appellant objected are substantially as follows: Deceased, who was crippled by an injury received in the year 1912, walked with the aid of a crutch, left the Elks Club, of which he was secretary, about 1 o'clock p. m. November 25, 1918, to go to his residence about one block distance; it had been raining and sleeting; the walks were slick and slippery; deceased was well and in good spirits when he left the club; within 30 or 40 minutes thereafter —the exact time cannot be stated—he reached home with his leg broken in two places, suffering severe pain, and, on meeting his sister, the appellee, under these circumstances and in this condition, made the statement to which appellant objected.

It is our opinion that the statement was admissible. The facts related were so closely connected with the main fact as to be a part of and inseparable therefrom. The statement could not have been the premeditated narrative of a past transaction, but was made by insured while suffering severe pain and under the immediate influence of his recent experience; in other words, the facts were talking through deceased rather than deceased talking about the facts. This assignment of appellant is also overruled.

[5] Appellant, in another assignment, questions the sufficiency of the evidence to sustain the judgment below, in this, that the evidence failed to show, or was insufficient to show, that the death of the insured was within the terms of the contract. The contract sued on obligated appellant to pay the benefit "for injuries" resulting in death, "caused by external, violent and accidental means." The question presented by this assignment is whether the evidence was sufficient to show that the injury and death of Frank D. Griffing were caused by external, violent, and accidental means.

We believe this question should be answered in the affirmative. As hereinbefore stated, the evidence shows that on the day in question insured left the Elks Club to go home for lunch, at the time he was well and unhurt, save for the old injury that made him a cripple, and within 30 or 40 minutes thereafter reached home suffering violent pains from an injury to his leg, broken in two places. In a written statement offered in evidence by appellant, dated November 29, 1918, made by insured for the purpose of collecting from appellant certain disability benefits provided for in the policy, in answer to the questionnaire as to how the accident happened, etc., he said: That owing to the fact that it had been snowing and raining, he was caused to slip and fall and, in this way, the injury was received. He was never a well

man afterwards, and died, as the result of the injury, on March 7, 1919.

Even if the statement made by him to his sister on reaching home had been excluded, no reasonable conclusion could be reached from the evidence remaining, other than that he received the injury by slipping and falling on the sidewalk, and that the same was caused by external, violent, and accidental means.

[6] Appellant does not seriously question the fact that the injury received by the insured was caused by external, violent, and accidental means; but its insistence seems to be that the death of insured was not the result of an accident "exclusively and independent of all other causes," that the diseased and physical condition of insured, operating in conjunction with the results of the accident, caused his death, and that the accidental injury simply hastened death.

The contingency insured against is described in the contract sued on as "injuries caused by external, violent and accidental means." The language, "exclusively and independent of all other causes," relied on by appellant to sustain its contention, is not a part of the contract. Appellant offered to prove that the original by-laws were amended so as to contain this language, but, on objection, the evidence was excluded.

However, if the evidence had been admitted, our conclusion would be the same.

The chapter of the Revised Statutes under which appellant was chartered provides, in article 4807, as follows:

"Every policy or certificate issued by any such corporation shall specify the sum of money which it promises to pay upon the contingency insured against, and the number of days after the receipt of satisfactory proof of the happening of such contingency at which such payment shall be made; and, upon the happening of such contingency, such corporation shall be liable for the payment of such amount in full at the time so specified, subject to such legal defenses as it may have against the same."

This statute requires the contingency insured against to be stated in the certificate or policy of insurance.

In the Francis Case, supra, recently decided by this court, the policy described the contingency insured against as accidental death. Subsequently the insurance association enacted by-laws changing the contract in several respects, including a material change with reference to the contingency insured against. The question presented for our decision there was the same now being discussed, that is, whether the policy or the subsequently adopted by-laws should prevail.

We held in that case, in line with prior decisions of our courts, that the contract must prevail, that it could not be avoided or in any manner affected by repugnant or conflicting by-laws, either in existence at the

time of the issuance of the policy or subsequently adopted.

After a careful consideration of appellant's assignments and propositions, we find no error, and therefore affirm the judgment of the court below.

Affirmed.