**TRUCK INSURANCE EXCHANGE,**
Appellant,

v.

Martha Wofford MICHLING et al.,
Appellees.

**No. 3710.**

Court of Civil Appeals of Texas.

Eastland.

June 1, 1962.

Rehearing Denied June 29, 1962.

Aycock & Steinle, Jourdanton, Gay & Meyers, Austin, for appellant.

Lieck & Lieck, San Antonio, Ted Butler, Karnes City, for appellees.

WALTER, Justice.

Judgment was rendered for Martha Michling, widow of Hugo Michling, and their children against Truck Insurance Exchange for death benefits under Texas Workmen's Compensation Act.

The insurance company has appealed contending the court erred (1) in permitting the widow to relate statements of the deceased about a blow on his head which he claimed was received while working for Buckaloo Excavating Company (2) in holding there was some evidence that the deceased sustained a personal injury while working in the course of his employment for Buckaloo Excavating Company (3) in failing to grant a new trial because the jury's findings were against the great weight and preponderance of the evidence. It also contends the court erred in overruling its objection to appellees' argument to the jury and in failing to submit a requested special issue.

Appellees' case was primarily based on the testimony of Mrs. Michling about matters related to her by her husband. Appellee contends her testimony is admissible under the res gestae rule. The cause of deceased's death is not questioned. Our principal question is whether or not Mrs. Michling's testimony was admissible, and if admissible, does it have probative force in establishing the fact that her deceased husband, Hugo Michling, sustained an accidental injury on April 12, 1958, in the course of his employment for Buckaloo Excavating Company.

■ ■ A fair summary of Mrs. Michling's testimony is as follows: Hugo Michling had been working for Buckaloo Excavating Company for about nine years prior to his death, driving a truck and operating a bulldozer. Most of his work was cleaning locations and digging pits for oil companies. He traveled to his work in a pickup furnished by Buckaloo. He worked seven days a week. He started to work sometimes at 3:00 or 4:00 o'clock in the morning but usually started about 6:30 or 7:00. At the time of his alleged accidental injury he was working at Fashing, Texas, about thirty miles from his home. When he left home to go to work on the morning of April 12, 1958, he was apparently in good physical condition. He was the only Buckaloo employee working on the job on this occasion

and was cutting down a hill with a bulldozer. It would take him about 45 minutes to drive from the place where he worked to his home. Her husband returned home about 3:30 that afternoon. She noticed him when he got out of the car and testified "he sort of stumbled and caught himself and walked on up to the house and he said his head was hurting him terribly." When she got him in the house she gave him some aspirin. He was batting his eyes and very pale. "He said he had hit his head on the bulldozer, the iron bar across the seat. It slipped off a hill and he hit his head." "He said his head hurt so bad that he couldn't do any thing else. He had to put the bulldozer up and come home." Hugo Michling died at the hospital on May 11, 1958.

We agree with appellees' contention that this testimony is admissible under the res gestae rule. "The question of the admission of evidence, as a part of the res gestae, is one of law, and must be determined in the first instance by the trial court." "The admission of particular evidence under the res gestae rule rests largely in the discretion of the trial court. * * * (1) To bring a declaration within the res gestae rule, such declaration must be connected with, and arise out of, the transaction which is the subject-matter of the inquiry. The proffered statement may be separated from the act or transaction by a more or less appreciable period of time, but it must stand in immediate causal relation to it. It must be either a part of the transaction or made under such circumstances as to raise a reasonable presumption that it is a spontaneous utterance of thought created by, or arising out of, the transaction itself. 17 Tex.Jur. 618, § 259, and authorities cited in notes. (2) Again, to come within the rule the statement must not only be a spontaneous utterance of thought, created by or springing out of the transaction itself, but must be such as to exclude the idea of premeditation. The facts attending the statement must lead to the reasonable conclusion that the statement offered in evidence was made under such circumstances that reason and reflec-

tion are not dominant, but that the statement was made from impulse. 17 Tex.Jur. 620, § 261, and authorities cited in notes. (3) The authorities above cited show that, while time is an important element in determining the question of spontaneity, it is not controlling, and is perhaps secondary to the condition of the declarant at the time the statement is made. Two important elements in reference to the admission of the statement are: (a) Was the declarant suffering great pain at the time the statement was made? And (b) did death from the injury follow soon after making the statement? Western Union Tel. Co. v. Brown (Tex.Civ.App.) 297 S.W. 267; International Travelers' Ass'n v. Griffing, supra [Tex. Civ.App., 264 S.W. 263]." Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ. App., 91 S.W.2d 787 (Writ Dis.). In the case of Atkinson v. United States Fidelity & Guaranty Co., Tex.Civ.App., 235 S.W.2d 509 at p. 511 (Writ Ref. N.R.E.), the court was considering a statement of an alleged injured employee who had departed for his work about 1:00 a. m. and returned home about 4:00 o'clock in the morning and was violently ill. The injured employee's wife testified that her husband had vomited in the automobile he was driving and complained about his legs hurting him and about pains in his chest. She further testified that her husband stated that he had gone into a freezer unit at the plant and stayed for ten or fifteen minutes, "that he had inhaled a lot of gas and that was why he was sick." This last statement was admitted in evidence as res gestae declaration over objection. In holding that said statement was admissible the court said: "There is a preliminary question raised as to the admissibility of the declaration of deceased that he had inhaled ammonia gas. It is said in the briefs that the trial court admitted the statement on authority of Texas Employers Ins. Ass'n v. Wade, Tex.Civ.App., 197 S.W. 2d 203. We think that the Wade case supports the trial judge's ruling. The opinion in the cited case and the opinion in Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ. App., 91 S.W.2d 787, contain discussions of the res gestae rule as applied to situations similar to that involved here. These discussions need not be repeated. It is sufficient to say that the evidence shows that the declarant, whose death took place within two months, was in extreme physical and mental distress at the time the statement was made. Atkinson's declaration could properly be considered as an undesigned circumstance which was part of an occurrence related to his consequential death. The matter was one addressed to the discretion of the trial court and that court did not exceed its authority in admitting the statement. It follows that, in passing upon the point at issue, the declaration cannot be disregarded as having no probative force."

In the case of Worley v. International Travelers Assur. Co., Tex.Civ.App., 110 S.W.2d 1202 (Writ Dis.), the court made a very comprehensive statement with reference to the rule of law on res gestae as follows:

"The rule of law in this state seems to be that a certain amount of liberality must be indulged by the court trying the case in determining whether or not a piece of proposed testimony tends to detail the occurrence sought to be proved and is free of a self-service purpose. In the Dallas Hotel Company case, supra [Tex.Civ.App., 196 S.W. 647], the court quoted from the case of Pilkinton v. Ry. Co., 70 Tex. 226, 7 S.W. 805, 808, wherein the Supreme Court said: 'To be a part of the res gestae the declarations are not required to be precisely concurrent in point of time with the principal transaction, if they spring out of it, are voluntary and spontaneous, and are made at a time so near as to preclude the idea of deliberate design.

" * * * The rule is very latitudinous, and its application must be left largely to the judicial discretion of the trial court.' the same rule is again announced in Southern Surety Co. v. Weaver (Tex.Civ.App.) 260 S.W. 622, affirmed by the Supreme Court, [Tex.Com.App.,] 273 S.W. 838."

In the case of Texas Employers Ins. Ass'n v. Noel, Tex.Civ.App., 269 S.W.2d

835 (Writ Ref. N.R.E.), the court was considering a statement made by the deceased to his wife upon his return from his duties as a pumper. She described her husband as having a yellow complexion and hardly able to speak and "couldn't hardly speak for short breath." In response to a question asked by his wife, the injured employee informed her that he was "picking up the well with my come-along-boomer and a pain hit me in the chest." In holding this statement of the deceased admissible the court said: "We believe it follows therefore that the trial court was vested with discretion to rule upon the question of whether or not the evidence should be admitted as res gestae testimony, since the circumstances demonstrated with reasonable certainty that the deceased's declarations were not the result of premeditation or design, and since they fairly appeared to be a continuation of the event constituting the transaction because the pain resultant from the deceased's injuries was still subsisting and in progress at the time the statements were made. Under such circumstances there is a reasonable presumption that his utterances are spontaneous utterances of fact arising out of the transaction itself."

The case of Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, by the Supreme Court also supports our holding that said testimony was admissible under the res gestae rule.

Defendant pleaded a general denial and the following: "For further answer herein, if further answer be necessary, defendant specially denies that Hugo H. Michling received a compensable injury while employed by Buckaloo Excavating Company or that any such injury resulted in his death, and says that the true facts are that said Hugo H. Michling suffered a cerebral hemorrhage at a time when he was not within the scope of his employment for Buckaloo Excavating Company and that he died as a result of such cerebral hemorrhage."

Appellant contends the court erred in refusing to submit the following special issues:

### DEFENDANT'S REQUESTED SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the death of Hugo H. Michling was caused solely by an existing condition in his brain which was not aggravated by an accidental injury, if any, which he may have sustained on April 12, 1958? Answer 'Yes' or 'No'. Answer:————."

Appellee contends we can not consider this point because the requested issue was not filed until September 15, 1961, and there is no certification by the court that it was timely presented to the court and opposing counsel. The judgment is dated June 19, 1961.

■■ It is the duty of the court to submit all controverted ultimate fact issues made by the pleadings and the evidence. "To constitute a defense, the prior diseased condition of the claimant must be the sole cause of disability." Traders & General Ins. Co. v. Belcher, Tex.Civ.App., 152 S.W. 2d 525 (Ref. Want Merit.). The issue raised by appellant's requested special issue No. 1 was not covered by its pleadings. Appellant no where pleaded that Michling's death was caused solely by an existing condition in his brain which was not aggravated by an accidental injury.

■ We have considered all the evidence and hold that the jury's findings are not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Appellant's point complaining about appellees' argument does not present error. Without burdening this opinion with a quotation of the argument made, we will say that we have considered the argument and hold that it was justified by the record. Also in the court's qualification of the bill of exception, he found the alleged improper argument was invited. See City of Waco v. Killen, Tex.Civ.App., 59 S.W.2d 940.

We have examined all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.