### Missouri Pacific Railway Company v. J. W. Mitchell.
#### No. 2556.

1. **Practice—Evidence.**—Suit for personal injuries suffered by a married woman in a railroad wreck, the petition alleging in detail the several wounds, etc., inflicted, alleged that the woman "suffered great physical and mental pain as the result of the injuries." On the trial it was relevant and competent for her attending physician to testify that from the injuries she was threatened with miscarriage, and to state her condition at the time as to pregnancy.

2. **Practice—Examination of Witnesses.**—It is not ground for reversal that an attorney on the trial below repeatedly asked questions of a witness and withdrew them, stating as reason for such withdrawal that he did not wish to give any ground on which the judgment might be reversed. The remarks made, however, were improper, and should not have been indulged in.

3. **Same.**—If during a jury trial questions to a witness are propounded, apparently to establish things that did not exist, or to which it was known the witness could not testify, or to prove matters in a mode not allowed by law, with a view to make a false impression on the jury, such conduct if shown likely to have influenced the jury would be ground for reversal.

4. **Effect of Weather upon Railway Track.**—Where it was claimed that the dangerous condition of the track was attributable to unprecedented rain, snow, and cold, and the testimony showed that the wreck was on December 26, and that there was much continuous rain and some snow for a considerable time before the accident, while the case did not call for a charge upon the subject, yet it was not improper to charge upon the subject "that the railway company would not be liable if the defect (a broken rail) that caused the accident was brought about by weather unusual and unprecedented, against which the company could not have guarded by the use of proper care and skill."

5. **Gross Negligence—Exemplary Damages.**—Case of Railway v. Shuford, *supra,* followed.

6. **Actual Damages..**—Facts where a verdict for $5000 actual damages was allowed to stand.

Appeal from Smith.    Tried below before Hon. Felix J. McCord. The opinion gives the facts

*J. R. Burnett*, for appellant.—The evidence as to Mrs. Mitchell's pregnancy and threatend miscarriage was clearly calculated to arouse the sympathies of the jury and to mislead them on the issue of damages; and as the evidence was avowedly withdrawn for the mere purpose of removing all grounds of exception, the court's subsequent oral direction to the jury to disregard it did not cure the error, especially in view of the contradictory rulings of the court and the subsequent conduct of appellee's counsel.    Ry. Co. v. Levy, 59 Texas, 551; Tucker v. Hamlin, 60 Texas, 175; Erben v. Lorillard, 19 N. Y., 299; Arthur v. Griswold, 55 N. Y., 400.

The remarks of appellee's counsel excepted to were calculated to mislead the jury and to divert them from the line of inquiry devolved upon them, and being persisted in and not restrained by the court constitute reversible error.    R. R. Co. v. Boyd, 10 Atlantic Rep., 318.

The charge upon the effects of the weather upon the road was erroneous in that it made appellant liable for the consequences of unprecedented bad weather, whether appellant could or should have anticipated such bad weather or not and whether the alleged prior negligence caused or contributed to the accident or not, and the charge was too onerous and misleading.    R. R. Co. v. Halloren, 53 Texas, 47; Ry. Co. v. Pomeroy, 67 Texas, 502; R. R. Co. v. Reeves, 10 Wall., 176; R. R. Co. v. Weems, 80 Ky., 420.

*Horace Chilton*, for appellee.

Stayton, Chief Justice. — Appellee brought this action to recover damages, actual and exemplary, for an injury alleged to have been received by his wife, who was a passenger on appellant's train.

The car in which the wife was, was derailed, and it is alleged and admitted that the evidence is sufficient to show that this was brought about by such a condition of the railroad as would render appellant responsible for the actual damages sustained.

The petition set out the injuries to appellee's wife as follows:    "That by reason of the fall and derailment the wife of plaintiff has been severely injured and disfigured for life.    That she received heavy and serious blows and bruises on both her shoulders, and was wounded in five or more places on her person; that her lower limbs were bruised and wrenched and her nervous system shocked and permanently impaired; that she received a deep and painful gash upon the face and chin more than inch long; that in consequence she has ever since said accident been unable to labor or attend to her household duties, and that said disability will

probably continue for many years, perhaps for life; that the gash on her face is incurable and will deform and disfigure her for life."

The petition further alleged that the wife suffered great physical and mental pain as the result of the injuries to her person.

A physician was asked what dangers the wife had undergone on account of her injuries, and among other things he stated that she had been threatened with miscarriage. This evidence was objected to on the ground that there was no pleading to authorize the admission of such evidence, but the objection was overruled.

Another physician was asked what was the wife's condition as to pregnancy, to which an objection was made on the same ground, and this the court sustained.

After these things occurred counsel for appellee announced in the presence of the jury that he would withdraw the question and answer, and consent that the evidence be excluded, and gave as a reason for this that he did not wish to give any ground on which the judgment might be reversed.

The court orally instructed the jury not to consider the evidence.

It appears that other questions were propounded to witnesses during the trial, and afterwards withdrawn, counsel for appellee stating at the several times in the presence of the jury that they were withdrawn for the reason before stated, and not because he believed the evidence sought inadmissible.

It is urged that it was error to admit the evidence afterwards excluded, and that this was not remedied by its exclusion. We do not see that the evidence was not properly admitted. The nature of the injuries to the person of the wife were stated, and we see no reason why their effect upon her in any way might not have been proved under the averments made.

It is further urged that the repeated statement by counsel for appellee of the reasons which induced him to withdraw questions, was calculated to prejudice the jury against appellant, and to deprive it of a fair and impartial trial.

We do not see that the propounding of questions and subsequently withdrawing them, even with the statement of the reasons which influenced the withdrawal, could have operated to the prejudice of appellant more than would the asking of an improper question and the action of the court in refusing to permit it to be answered. If cases were reversed because improper questions were propounded and excluded on objection, but few judgments would be affirmed.

The remarks of counsel were improper, and should not have been indulged in; but a jury, from the fact that questions were withdrawn without a ruling by the court as to their admissibility, would be likely to infer that they never ought to have been propounded.

If it should appear that during a trial questions were propounded to witnesses apparently to establish things that did not exist, and to which it was known the witnesses could not testify, or apparently to prove such things in a mode in which they could not be proved, with a view to make a false impression on the jury, then such conduct would be reprehensible, and in such case, if looking to the entire record there was reason to believe the jury had been influenced by such course, this would furnish ground for reversal.    There is no claim that these things were done on the trial of this case.

It was claimed by appellant that the condition of its track was attributable to unprecedented rain, snow, and cold, and exception is taken to the charge given upon that subject.    The court in effect informed the jury that appellant would not be liable if the defect that caused the accident was brought about by weather unusual or unprecedented, against·which the company could not have guarded by the exercise of proper care and skill.

The charge was a substantially correct statement of the law applicable to the case which there was any evidence tending to sustain, but it seems to us that the court might well have declined to give any charge whatever looking to the excuse of appellant for the condition of its road on account of bad weather.    It was shown that there was much and continuous rain and some snow for a considerable time before the accident, but looking to the entire evidence it seems to us that there was no such state of weather as may not be expected during any winter or against the bad effects of which reasonable care would not give full protection.

The direct cause of the accident the evidence tends to show was a broken rail, and as to whether this was broken at the time of the accident or had been broken before, the evidence was conflicting.

The evidence bearing on this question was all introduced, tending in our opinion to show inevitable accident, and the charge complained of clearly submitted the law applicable to the facts.

The charge as to exemplary damages is complained of.    The charge is as follows:    "The plaintiff also sues for exemplary damages.    Now if the proof shows that the injuries received by plaintiff's wife were caused by the gross negligence of defendant company, then you will consider the question of exemplary damages.    What is meant by gross negligence is a total want of ordinary care, and ordinary care is that degree of care which an ordinary person would use under like circumstances.    Now if the proof shows that defendant's road was out of repair, and had been out of repair a long time previous to the injuries of plaintiff, and defendant knew of its bad condition, or such bad condition was so notorious that the company could have known it, and they knew its bad condition and failed to put it in repair, then they would be charged with gross negligence, which would be grounds for exemplary damages; but if the road was in good

condition at the time, and previous thereto, and in keeping with the business to be done on its road, or that the condition was not known or could not have been known, then defendant would not be liable in exemplary damages."

This charge has all the vices pointed out in the charge given in the case of Railway Company v. Shuford, *ante*, p. 165, except that it does inform the jury indirectly or by implication that exemplary damages could not be awarded unless the injury resulted from the gross negligence of appellant. For the reasons given in the opinion in the case referred to we hold that the charge now complained of was erroneous.

The verdict was for $5000 actual and $6000 exemplary damages. It is urged that the verdict as to both classes of damages is excessive. That for exemplary damages it will not be necessary to consider; that for actual damages seems to us high, but in this character of case many elements of damages may be taken into consideration, which from their nature render it impossible for courts to determine with absolute certainty whether the damages awarded are too much or too little. Much must be left to the honest judgment of the jury trying such a case.

The accident occurred on December 26, 1887. This cause was tried on February 18, 1888, and it appears that then the wife's condition was still such as to prevent her appearing as a witness; to that time she had been unable to attend to her ordinary household duties and had suffered more or less from the time the injuries were inflicted.

The testimony of the wife's attending physician tends to show that the shock received by her brought on a nervous prostration which has continued and in his opinion is likely to continue so long as she may live.

While it may be that the court below should have granted a new trial on account of the sum awarded by the verdict, this is not so evident as to authorize this court to do so.

For the errors mentioned the judgment will be reversed and the cause remanded, unless appellee shall remit the sum awarded as exemplary damages, in which event it will be affirmed for the actual damages awarded.

*Affirmed.*

Opinion November 30, 1888.

NOTE.—The claim for exemplary damages was remitted and judgment below affirmed for actual damages.