## International & Great Northern Railway Company v. C. H. Collins.

### Decided June 12, 1903.

**1.—Personal Injury—Evidence—Harmless Error.**

In an action by a railroad employe for negligent personal injuries, plaintiff's testimony that he was nursed while sick by his sister, though apparently irrelevant and immaterial, was not prejudicial error, nor was the mere asking of a question whether plaintiff was a married man, which the court refused to allow.

**2.—Same—Evidence Elicited in Cross-Examination.**

Where plaintiff had testified that his injuries caused him pain in the back and testicles, and on cross-examination defendant's counsel asked him a question as to his ever having had a private disease, which plainly insinuated that such pain was or might have been caused by some private disease, it was not improper to allow plaintiff to state in answer that he had been a married man for twenty-one years.

**3.—Same.**

Nor was it error for plaintiff's counsel, on redirect examination, to repeat the former question and plaintiff's answer thereto in asking plaintiff if he was still a married man, where such question was, on objection, not allowed.

**4.—Expert Evidence—Inspection of Cars.**

Where, in an action by a railroad employe for personal injury, plaintiff testified that he had been in the railroad business for more than twenty years as a brakeman and conductor, and was inspector of cars for four years, he showed himself qualified to testify, as an expert, whether a defect in a brakestaff which caused his injuries could have been discovered by proper inspection.

**5.—Same—Harmless Error—Conclusion.**

Plaintiff having so shown himself qualified to testify as an expert, it was harmless error for him, in answer to a question, to state that he was qualified to testify as to whether the defect in question was discoverable by proper inspection; and his testimony on the point was not objectionable as being a conclusion.

**6.—Leading Question.**

A question which may be answered by a simple "yes" or "no" is not leading unless the form of the question suggests the answer.

**7.—Pleading and Evidence—Variance.**

Where the petition in an action for personal injury by a brakeman alleged that plaintiff, while passing from one car to another, took hold of a brakestaff to support himself, and was injured through the breaking of the staff, and the evidence showed that he was not then passing from one car to another, but was standing at the brake with one foot on one car and the other on another car, and turning the brake for the purpose of setting it, the variance was immaterial.

**8.—Negligence—Inspection—Charge.**

A requested charge that though the defendant company did not exercise ordinary care to discover the defect in the brakestaff, yet if, had such care been exercised by the defendant, it would not have discovered the defect, plaintiff could not recover, was properly refused where the undisputed evidence showed that the defect would have been discovered by proper inspection.

**9.—Charge—Defects of Omission.**

Defects of omission in the charge given can not be complained of where there was no request for a special charge correcting them.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*J. A. Read,* for appellant.

*Lovejoy & Malevinsky,* for appellee.

PLEASANTS, Associate Justice.—This is a suit brought by the appellee against the appellant to recover damages for personal injuries to appellee, alleged to have been caused by the negligence of the appellant.

At the time he received the injuries complained of appellee was in the employment of appellant as a switchman in its railroad yard in the city of Houston. In the performance of the duties of his employment he went upon a car in a train which was being switched in said yard and attempted to set the brake upon said car. While thus engaged the brakestaff broke, and appellee was thrown to the ground. from the car and was seriously and painfully injured. There was an old crack in this brakestaff down in the ratchet wheel or socket which rendered it unsafe and dangerous and caused it to give way when appellee attempted to set the brake. This defect in the brakestaff was latent, but could have been discovered by a proper inspection on the part of appellant. The car did not belong to appellant, but had been received by it from a connecting carrier a short time before the appellee was injured. Appellant's servant, whose duty it was to inspect cars handled by it, made an inspection of this car when it was received, but failed to discover the defect in the brakestaff because he did not go upon the car and try the brake. He testified that the staff looked all right, and that he did not get on the car and try the brake because the lumber with which the car was loaded pressed against the brake wheel and would have prevented him from turning the brake. If the inspector had taken hold of the brake wheel and tested the brake in a proper manner by turning it, he would have discovered the defect.

The first assignment of error, which is submitted as a proposition, is as follows: "The court erred in its actions, as shown in defendant's bill of exception number 1, as follows: While plaintiff, during the trial of said cause, was on the witness stand, defendant asked permission of the court to object, and objected beforehand, to the question that the plaintiff's attorneys had signified their intention of asking the plaintiff as to whether he had a family, plaintiff's attorneys having stated that they differed with the Supreme Court on that, and intended to ask the question anyhow, said objection being made in the presence and hearing of plaintiff's attorneys, and with their acquiescence, the objection being that such testimony was, and would be, irrelevant and immaterial to the issues, and defendant's attorney asked the court to forbid in advance such question, and the court refused to do so, to which defendant excepted; and thereafter plaintiff's attorneys asked the plaintiff the fol-

lowing question: 'Who nursed you while you were sick?' to which the witness responded: 'My sister, Mrs. Jordan.' Question: 'Who nursed you here?' To this question the defendant objected, unless it was expected to follow up the evidence by showing the materiality of identifying the person who nursed him, because it was irrelevant and immaterial to the issues. The court stated that it thought so too, but that it could not anticipate what plaintiff's attorneys desired to prove by the plaintiff, and thereupon plaintiff's attorneys asked the following question: 'I will ask you this question, if you have got a family here in Texas to wait on you?' To which question defendant objected, and the court sustained the objection, and defendant excepted to the asking of the question, and to its tacitly being permitted by the court, on the ground of irrelevancy and immateriality as hereinabove indicated."

There is no merit in this assignment. The statement of the witness that he was nursed by his sister, while apparently irrelevant and therefore inadmissible, could not have had any effect upon the jury or in any way prejudice defendant, and its admission in evidence was immaterial and harmless error. Conceding, as an abstract proposition, that it was not permissible for plaintiff to show whether or not he was a married man, the mere asking of the question, the answer thereto being forbidden by the court, could not possibly have injured defendant, as the form of the question did not suggest the answer desired or expected, and there is nothing in the statement of the proceedings shown in the bill of exception which would authorize the conclusion that plaintiff's attorney, in asking this question, was improperly attempting to get before the jury evidence which he knew to be inadmissible.

Upon cross-examination plaintiff was asked by defendant's attorney if he had any private trouble, and he answered in the negative. Defendant's attorney then asked this question: "You have been a railroad man thirty years and never had a private trouble?" To this question plaintiff answered, "Not quite thirty years; I have been married twenty-one years." Appellant objected to this answer and moved the court to exclude it from the consideration of the jury, on the ground that it was not responsive to the question and was irrelevant. There was no error in the refusal of the court to sustain the objection to this testimony. The plaintiff, in testifying as to his present condition and the suffering caused him by his injuries, had stated that he suffered pain in his back and testicle. The question propounded by defendant's attorney plainly insinuated that the pain and suffering complained of by plaintiff was or might have been caused by some private trouble or disease with which plaintiff was afflicted, and in repelling such insinuation, which was not justified by any evidence in the case, it was not improper to allow plaintiff to state that he had been a married man for twenty-one years.

The third assignment of error complains of the action of plaintiff's counsel in asking the plaintiff while on the stand as a witness the following question: "Mr. Read [defendant's attorney] asked you if you had any venereal disease, and you said not, and that you had been.

married twenty-one years. We will ask you whether you are still married." The defendant objected to the repetition by plaintiff's attorney of the statement previously made by plaintiff that he had been married twenty-one years, and also objected to the question as to whether plaintiff was still married, on the ground that it was irrelevant and immaterial. The court sustained the objection and plaintiff was not permitted to answer it. Thereupon defendant excepted to the action of plaintiff's attorney in repeating the former statement of the plaintiff and in asking the question above set out, on the ground that it tended to prejudice defendant's case. The assignment presents no error. As before stated, we think defendant's attorney, by an unwarranted insinuation in the question put by him to the plaintiff, brought out the statement from plaintiff that he had been a married man twenty-one years, and can not be heard to complain of such statement as irrelevant and immaterial to any issue in the case. It is unnecessary for us to determine whether it was proper for plaintiff to testify as to whether he was married at the time of the trial, as the trial court sustained defendant's objection to this question. No injury could have possibly resulted to defendant by the action of plaintiff's attorney in propounding the question.

Plaintiff, while testifying, was asked by his attorneys the following question: "Are you qualified from experience and knowledge to state to the jury whether or not the defect, if any, that existed in that brake could have been discovered by a proper test?" Having answered this question in the affirmative, he was asked to "state to the jury from your experience as an inspector and your knowledge about the business whether or not in your opinion the condition of that brake was such as could have been found out by a proper inspection." To this question he answered: "The defect should have been discovered by a proper test; could have been found out by proper handling and inspection." The defendant objected to these questions and answers on the grounds that the witness was not shown to be qualified as an expert, and that the questions were leading and called for the mere conclusions of the witness. The plaintiff testified that he had been in the railroad business for more than twenty years, as brakeman and conductor, and was inspector of cars on the New York Central Railroad for four years. Upon these facts the trial court correctly held that the witness was qualified to give his opinion as an expert upon the question of whether the defect in the brake could have been discovered by a proper inspection. The witness having shown himself qualified to testify as an expert, his statement that he so considered himself was immaterial and harmless. The objection that the questions were leading can not be sustained. Under the rule generally laid down by the best text writers the questions would be leading in that they embody a material fact and may be answered by a simple affirmative or negative, but our Supreme Court has modified this rule, and holds that a question which may be answered by a simple "yes" or "no" is not leading unless the form of the question suggests the answer. It would be impossible to tell from the form in which

these questions were put what answer was desired, and therefore the questions can not be considered leading. Lott v. King, 79 Texas, 292; Railway Co. v. Dulnig, 92 Texas, 655. The objection that the questions call for the conclusions of the witness are likewise untenable. All expert testimony is necessarily but the opinion and conclusion of the witness, and an objection to such testimony on this ground can only be sustained when the witness is not shown to be qualified as an expert to express an opinion, or when the issue is one which is not susceptible of proof by expert testimony but must be determined by the jury from the facts before them and their common knowledge and by the exercise of the best judgment. As before shown, this witness was qualified to testify as an expert, and it is clear the question of what was a proper inspection of the car and whether such inspection would have discovered the defect in the brake, was a question upon which the opinion of those familiar ·with the railroad service and the ordinary and usual manner in which cars are inspected and who were informed as to the exact character of the defect, could be properly received in evidence. Railway Co. v. Thompson, 75 Texas, 503.

The sixth assignment of error complains of the refusal of the trial court to instruct the jury to find for the defendant on the ground that the evidence shows that the appellee was not injured in the manner and under the circumstances alleged in his petition. The petition alleges that appellee was passing from one car to another, and in order to support himself took hold of the brakestaff, when said staff broke and caused him to fall and receive the injuries complained of. The evidence shows that appellee was not passing from one car to another at the time of the accident, but was standing at the brake with one foot on one car and one upon the other, and was turning the brake for the purpose of setting same. We think this variance between the allegation and the proof is immaterial. Appellee's cause of action as alleged in his petition was grounded upon the negligence of appellant in furnishing him a defective and dangerous instrument with which to perform his work, by reason of which he was injured. It is a fundamental rule of evidence that only the substance of the issue need be proven. Proof that the brakestaff was defective, and that this defect was the direct cause of appellee's injury, certainly met the requirement of the rule before stated, and it was wholly immaterial whether at the time the staff broke appellee was simply holding on to same for support or turning same for the purpose of setting the brake, no issue of contributory negligence being raised under either circumstance. Hicks v. Railway Co., 96 Texas, 355, 72 S. W. Rep., 836; Railway Co. v. Lee, 7 Texas Ct. Rep., 40.

The seventh assignment complains of the refusal of the court to submit to the jury a special charge requested by appellant to the effect that if the jury believed from the evidence that the plaintiff was not injured substantially in the manner alleged in his petition, they should find for the defendant. This charge was properly refused because the undis-

puted evidence shows that the plaintiff was injured substantially in the manner and under the circumstances alleged in his petition. The immaterial variance between the evidence and the allegation of the petition discussed under the preceding assignment did not raise the issue sought to be submitted by this charge.

The appellant requested the trial court to charge the jury as follows: "If you believe that the defendant did not exercise ordinary care to discover the defects in the brakestaff in this case, but if you yet believe that had such care been exercised by the defendant it would not have discovered such defect, then you will find for the defendant." The refusal of the trial court to give this charge is complained of in the eighth assignment of error. The assignment is without merit. The requested charge was properly refused because the undisputed evidence shows that the defect in the brakestaff would have been discovered by a proper inspection of the car, and therefore the charge presented an issue not raised by the evidence.

There was no affirmative error in the charge on the measure of damages. If the defendant desired fuller instructions to the jury upon this subject it should have presented a correct special charge and requested its submission to the jury, and having failed to do this it can not complain of omissions in the charge given by the court.

There is ample testimony to sustain the verdict of the jury on the issue of the liability of appellant, and the amount of the verdict is not shown to be excessive. The record discloses no material error, and the judgment of the court below is affirmed.

*Affirmed.*