## LARNCE v. MASSACHUSETTS BONDING & INS. CO.

### No. 1722.

Court of Civil Appeals of Texas. Waco.

Oct. 20, 1938.

Rehearing Denied Nov. 17, 1938.

Jas. R. Jenkins and W. L. Eason, both of Waco, for appellant.

Naman, Howell & Brooks, of Waco, for appellee.

ALEXANDER, Justice.

Oscar O. Larnce brought this suit against Massachusetts Bonding & Insurance Company to recover on an accident insurance policy. The jury returned a verdict in favor of the defendant and judgment was entered accordingly. The plaintiff appealed.

The policy sued on provided that if the insured through accidental means should become wholly and continuously disabled from performing any and every duty pertaining to his occupation, the insurance company would pay him $100 per month during the period of such total disability, not exceeding five years, and in the event of partial disability the company would pay him $50 per month not exceeding six months. This suit involves only the right to recover for the sums due under the total disability clause. The plaintiff alleged that while crossing a railway track he ran his automobile against a switch stand, producing an injury to his back in the sacro-iliac region, which resulted in his total disability. The jury found that he did not receive an injury to his back and that he was not totally disabled. The appellant contends that these findings are contrary to the undisputed evidence and against the overwhelming weight of the evidence.

In passing on the sufficiency of the evidence to support the verdict, we are required to view the evidence in the light most favorable to the verdict. Appellant's testimony tended to show that the injury resulted in a separation of the bones in the sacro-iliac region. The appellee offered evidence to the effect that an injury of that character would result in great pain and would immediately disable the party so injured. The appellant admitted that after the accident occurred on Saturday night he drove his automobile, a T-Model Ford, to his home, a distance of three or four miles, and that he drove the same car to town the following Monday morning and that except for a short period during which he was in the hospital for an operation for hernia he had continued to drive the same car up to the time of the trial. Four different doctors testified that they were unable to find any evidence of injury to the part of the body complained of. Several experts testified that the X-ray pictures did not show any injury to the region in question. Although there was much evidence to the contrary, the evidence above referred to, we think, was sufficient to raise an issue of fact for the jury, and since the jury resolved that issue against the appellant, we are bound thereby. The assignment is overruled.

Appellant alleges that there was misconduct of the jury in that the jury first decided to render a verdict in favor of the appellee and then undertook to so answer the issues as to accomplish that result. The record, however, does not bear out this contention. The only circumstance referred to by appellant to support his contention is the fact that the jury during their deliberation sent a note to the court inquiring

as to the effect of their answers to certain issues. The court promptly informed the jury to answer the issues in accordance with the main charge to the jury. This circumstance alone was not sufficient to establish misconduct of the nature complained of.

Appellant introduced as his witnesses two physicians, one of whom had examined and treated appellant for his injuries, and the other had made X-ray pictures of his sacro-iliac region. Each of these witnesses testified that in his opinion appellant was suffering from sacro-iliac strain. Upon cross examination appellee sought to prove by these witnesses that during the twelve or eighteen months immediately preceding the trial they had testified in approximately twelve other and different suits then pending in the courts between other parties in which the plaintiffs in those suits were suing for damages for personal injuries, and that in each of said cases said witnesses, as witnesses for the plaintiffs in the suits referred to, had testified that the injured party was suffering with a sacro-iliac injury. In each instance separate inquiries were repeated with reference to each of said twelve cases. The court promptly sustained appellant's objections and the witnesses were not permitted to answer the questions, but appellant contends that the act of appellee's counsel in repeatedly asking the questions so prejudiced appellant's rights as to require the granting of a new trial. The decision of this question has given us much concern and has unduly delayed the final disposition of the case, but after a most careful consideration we have reached the conclusion that the assignment does not present reversible error. As above stated, the court refused to allow the witnesses to answer any of the questions above referred to, and if appellant has suffered at all, it is merely by reason of the asking of the questions in the presence of the jury. The evidence, if it had been admitted, would have tended merely to impeach the credibility of appellant's witnesses and not directly to disprove any fact in issue. If it be conceded that the proffered evidence was inadmissible to prove the bias of the witnesses or to otherwise discredit them, it does not appear that counsel for appellee was attempting by insinuation to establish as a fact something that in truth had no foundation nor that he was wilfully attempting to get before

the jury evidence known to be inadmissible or that he was otherwise in bad faith attempting to create a false impression on the jury. There are cases in which it has been held that the mere asking of certain questions in the presence of the jury has required a reversal of the judgment. These are cases, however, in which the evidence sought to have been elicited, if admitted, would have been extremely prejudicial and the very asking of the question raised a strong presumption of the existence of the fact sought to be elicited. We refer particularly to questions tending to prove that the defendant was protected by insurance. We do not think that the questions here propounded come within the class above referred to. It appears to be a very well established rule in this state that a case will not be reversed because an attorney asked improper questions unless it be made to appear that he did not do so in good faith but for the purpose of improperly influencing the jury and that his conduct was calculated to have that effect. Missouri Pac. Ry. Co. v. Mitchell, 72 Tex. 171, 10 S.W. 411; Hess v. Millsap, Tex.Civ.App., 72 S. W.2d 923, par. 5; Emberlin v. Wichita Falls R. Co., Tex.Com.App., 284 S.W. 539; St. Louis S. F. Ry. Co. v. Knowles, 44 Tex. Civ.App. 172, 99 S.W. 867, 869; Clegg v. Gulf, C. & S. F. R. Co., 104 Tex. 280, 137 S.W. 109, 111, par. 2; International & G. N. R. Co. v. Collins, 33 Tex.Civ.App. 58, 75 S.W. 814, 815; Strawn Coal Co. v. Trojan, Tex.Civ.App., 195 S.W. 256, par. 2. This assignment is overruled.

During the cross examination of appellant, appellee elicited from him the information that he had filed a suit against a railroad company for damages growing out of the same injury. No objection was made to the evidence at the time it was elicited, but later on appellant objected and at his request, the evidence was excluded. It does not appear that any exception was taken to the action of appellee's counsel in eliciting this evidence and therefore the assignment does not present reversible error. 41 Tex.Jur. 929, par. 160; Collins v. Panhandle Nat. Bank, 75 Tex. 254, 255, 11 S.W. 1053.

We have carefully considered all of the other assignments of error and find them without merit.

The judgment of the trial court is affirmed.