## GATLIN v. FISHER.

### No. 6076.

Court of Civil Appeals of Texas. Texarkana.

Feb. 17, 1944.

Rehearing Denied March 2, 1944.

Shelburne H. Glover, of Texarkana, for appellant.

Cornelius & Heaton, of Jefferson, for appellee.

HARVEY, Justice.

Nellie Fisher, plaintiff, filed this suit in the District Court of Marion County, Texas, against Nathan Gatlin, defendant, and the Jefferson Compress Company, seeking recovery of a one-half interest in five bales of cotton claimed to have been produced by her under a tenancy contract with defendant. Defendant filed his answer consisting of a general denial, and setting up his version of the contract with Nellie Fisher. The case was tried to a jury and submitted on four special issues, all of which were answered in favor of plaintiff. Upon the jury verdict the court rendered judgment awarding plaintiff title to one-half interest in the five bales of cotton. From this judgment the defendant below, prosecutes this appeal, relying principally upon allegedly prejudicial questions propounded by attorney for plaintiff to one of plaintiff's witnesses, and upon the insufficiency of the evidence to justify the affirmative answers in favor of the plaintiff.

A careful examination of the testimony of the witnesses reveals the fact that there was a conflict between the plaintiff and defendant as to the terms of the agreement alleged to have been made between them. Appellee, plaintiff below, testified that she and appellant, defendant below, entered into a share crop tenancy contract under the terms of which she was to receive one-half the crops produced by her on the land which was under the control of the defendant and that she had carried out her part of the contract in cultivating and producing the crop. Defendant did not deny entering into the contract as claimed by plaintiff, but contended that subsequent to the making thereof a modification or change was agreed upon in the terms of the contract. An issue of fact was presented by such testimony, and the jury having found in favor of the plaintiff, the judgment cannot be disturbed by us upon the point raised as to the insufficiency of the evidence.

During the course of the trial plaintiff introduced a witness, one Norris Poplin, who was asked by plaintiff's attorney if Gatlin, the defendant, had not requested him to plow some for Nellie, and if the defendant, Gatlin, did not state that the crop belonged to Nellie, to which questions witness replied that Gatlin "did not exactly say it was Nellie's crop." Thereupon plaintiff's counsel claimed surprise, and the court retired the jury in order that the witness might be further examined in their absence. After retirement of the jury, counsel for plaintiff stated to the court that he desired to cross-examine the witness Poplin, because such witness had told him prior to filing the suit that Mr. Gatlin had employed him to plow land in Nellie Fisher's crop, and that he would have an accounting of Nellie and that she would pay for it. Counsel then asked the witness if such were not true, to which he replied that it was. After the jury was brought back, and upon being asked about his conversation with Gatlin, he testified to the same effect that he had done while the jury was retired. Plaintiff's counsel then asked why he had not so testified upon first being asked about the matter, to which the witness replied that he did not know, but that he "reckoned he was a little scared." He was further asked by plaintiff's counsel whether or not he was afraid because of trouble he had with Gatlin since the suit was filed and if Gatlin didn't shoot at him about it. The court sustained defendant's objection to this

question and it was not answered, and the court instructed the jury not to consider the question for any purpose.

In determining whether or not a question and the answer sought to be elicited thereby is proper or improper depends upon the purpose for which it was asked and the circumstances at the time. In the instant case the witness introduced by plaintiff gave an answer in the presence of the jury different from what was expected, and later changed his answer. Attorney for the plaintiff in seeking to have the reason for such changed testimony adduced for the benefit of the jury, asked the questions about which complaint is made by the appellant. Should we grant that such questions were improper, the trial court instructed the jury not to consider the questions for any purpose and exercised his sound discretion in refusing to grant a new trial by reason of the asking of such questions. Under the circumstances, we do not think the trial court abused his discretion in so ruling, or that harm of such a prejudicial nature was done to the defendant as to require a reversal of this case. Clegg v. Gulf, C. & S. F. Ry., 104 Tex. 280, 137 S.W. 109.

Complaint is made to the effect that appellee's counsel made use of improper argument in his address to the jury. There is no bill of exception in the record showing just what language was used in this respect and therefore we are not in position to consider it.

No errors being found in the record, the judgment of the trial court is affirmed.