COLEMAN v. COOK et al.

No. 4469.

Court of Civil Appeals of Texas. El Paso.

May 30, 1946.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

John J. Watts, of Crane, for appellees.

McGILL, Justice.

This is an appeal from an order of the District Court of Crane County overruling appellant's (defendant's) plea of privilege to be sued in Midland County, the County of his residence. Appellees' (plaintiffs') controverting plea was grounded on Section 9 of Article 1995, Revised Civil Statutes. The suit grew out of a collision between a truck driven by M. S. Barton and a Plymouth automobile driven by plaintiff Roy Cook. The "active" trespass alleged to have been committed in Crane County was that M. S. Barton, an employee of defendant, while operating a truck belonging to defendant within the scope of his employment negligently drove on his left-hand side of the highway and struck plaintiff. Trial to a jury resulted in findings to effect that prior to the collision the truck was being operated by Barton with a portion thereof on his lefthand side of the center of the highway; that such operation was negligence and a proximate cause of the collision; that at the time of the collision defendant's employee Barton was traveling to Odessa for the purpose of securing tools and men. On these findings the order overruling the plea was entered.

All of appellant's six points assert trial errors. The accident occurred on August 14, 1945. M. S. Barton was a construction foreman employed by appellant. The evidence was sufficient to raise an issue as to whether at the time of the collision he was acting within the scope of his employment. He testified that at the time he was going from Ozona to Odessa for the purpose of getting men and tools to be used on a job which appellant was doing for the Conti-nental Oil Company near Ozona. Jack Young, the Sheriff of Crane County, was called as a witness by the plaintiff. He was asked by plaintiff's counsel:

"Did Mr. Barton tell you the next day after the accident for what purpose he was going to Odessa, making this trip"?

Before defendant's counsel had completed his objection counsel for plaintiff withdrew the question. Thereupon defendant's counsel asked that a mistrial be granted. This request was refused. The court instructed the jury that the question was improper and that it was improper to ask it and withdraw it if that was the intention when it was asked, and that they should not consider the question asked for any purpose.

It is elementary that the ex parte declarations of an agent are incompetent and inadmissible to prove that he was acting within the scope of his employment. Webb-North Motor Co. v. Ross, Tex.Civ. App., 42 S.W.2d 1086, writ dismissed; Reynolds v. Texas Iron Works Sales Corp., Tex.Civ.App., 72 S.W.2d 299, writ dismissed; Stokes Bros. v. Thornton, Tex. Civ.App., 91 S.W.2d 756; Lewis v. J. P. Word Transfer Co., Tex.Civ.App., 119 S. W.2d 106, writ refused.

Appellant insists that the question was asked and withdrawn by plaintiff's experienced counsel designedly, he knowing that the witness would not be permitted to testify that the day following the accident Barton had told him that he was on business for his employer, and that the jury would be influenced improperly by his asking and withdrawing the question, and under all these circumstances a reversal is required. He seeks to apply the rule enunciated by Judge Stayton in Missouri Pac. Ry. Co. v. Mitchell, 72 Tex. 171, 10 S.W. 411, 413:

"If it should appear that during a trial questions were propounded to witnesses, apparently to establish things that did not exist, and to which it was known the witness could not testify, or apparently to prove such things in a mode in which they could not be proved, with a view to make a false impression on the jury, then such conduct would be reprehensible; and in

such case, if looking to the entire record there was reason to believe the jury had been influenced by such course, and would furnish ground for reversal."

The trial court evidently entertained some doubt as to whether the question was asked and withdrawn designedly "apparently to prove (such) things in a mode in which they could not be proved" because he instructed the jury that "it was improper to ask it and withdraw it *if that was the intention* when it was asked." (Emphasis ours.) Furthermore, under the rule such conduct furnishes ground for reversal only "if looking to the entire record there was (is) reason to believe the jury had been (was) influenced by such course." The general rule ordinarily recognized is that the mere asking of a question the answer to which is inadmissible should not be held to have the effect to operate as a reversal, even if it should be considered that the question was improper and the evidence sought to be adduced thereby inadmissible. Clegg v. Gulf, C. & S. F. R. Co., 104 Tex. 280, 137 S.W. 109. This rule is generally applied where the court instructs the jury not to consider the question for any purpose. Gatlin v. Fisher, Tex. Civ.App., 178 S.W.2d 870. There are exceptions in those cases in which the evidence sought to have been elicited, if admitted, would have been extremely prejudicial, and the very asking of the question raised a strong presumption of the existence of the fact sought to be elicited, such as questions inquiring if the defendant was protected by insurance. Larnce v. Massachusetts Bonding & Ins. Co., Tex.Civ.App., 121 S.W.2d 392, loc.cit. 394, second column, writ dismissed. This is not such a case. The record does not affirmatively disclose what the witness' answer to the question would have been. The assumption urged by appellant that the sheriff would have testified that Barton told him that he was going to Odessa on business for his employer and that this was the only inference deducible from the asking and withdrawal of the question is unwarranted. That Barton had so testified forms no basis for such assumption. Even though it could be assumed that this was the impression left with the jury,

such impression could only be corroborative of Barton's testimony given from the stand. In view of the court's instruction we think no prejudicial influence could have resulted.

Over objection the witness Carlton Hutchinson was permitted to testify that the plaintiff, Mr. Cook, had told him that he was trying to miss this car and pulled out in the bar ditch and the man was coming at him; and that the heavy weapons truck was coming at him and he was trying to miss him and pulled about the middle strip of the road before the heavy weapons carrier hit him on the right side; and the witness Oliver Thomas Byrd was permitted to testify that Mr. Cook told him that he was trying to dodge the truck or car, whatever it was, and did not have time. Carlton Hutchinson testified that the wreck had just happened when he got there and that he talked to Cook pretty soon after he got there. Mr. Byrd testified that he got to the scene of the wreck not more than five minutes after it occurred and heard Mr. Cook make the statement.

All of this testimony was admissible as part of the res gestae. The applicable rule is stated by Judge Gaines in International & G. N. R. Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039, 1040, 27 Am.St.Rep. 902, and approved in Pacific Mutual Life Insurance Co. of California v. Schlakzug, 143 Tex. 264, loc.cit. 270(b), 183 S.W.2d 709, loc.cit. 712, par. 5:

"Another rule, applied in many of the American courts at least, is to admit as parts of the res gestae not only such declarations as accompany the transaction, but also such as are made under such circumstances as will raise a reasonable presumption that they are the spontaneous utterance of thoughts created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design."

Also applicable in this case is the language of Judge Looney in International Travelers' Ass'n v. Griffing, Tex.Civ.App., 264 S.W. 263, loc.cit. 265, writ dismissed; Id., 114 Tex. 375, 269 S.W. 1024, loc.cit 1029:

"* * * in determining the question of spontaneity, courts will also look to the condition of the declarant at the time of making the statement. A statement will ordinarily be held spontaneous if at the time when made the condition of declarant was such as to raise the inference that the effect of the occurrence on his mind still continued as when he had received an injury and was suffering severe pain. The element of time is not controlling, but is important, as it is obvious that a declaration or act is usually spontaneous in proportion as it is near in point of time to the occurrence that called it forth * * *."

Here the declarations were made a short time after the accident, while the declarant was at the scene of the accident, seriously injured, and we think it fair to assume in great pain. Numerous authorities may be found in 16 Texas Digest, Evidence, ▆▆▆▆▆ We cite the following as similar from a factual standpoint: Texas & Pacific Railway Co. v. Hall, 83 Tex. 675, 19 S.W. 121; Galveston, H. & S. A. R. Co. v. Davis, 27 Tex.Civ.App., 279, 65 S.W. 217, writ refused; Missouri, K. & T. Ry. Co. of Texas v. Jones, 35 Tex.Civ.App. 584, 80 S.W. 852, writ refused; Missouri K. & T. Ry. Co. of Texas v. Williams, 50 Tex.Civ.App. 134, 109 S.W. 1126, writ refused.

▆▆ Appellant's points complaining of improper and prejudicial argument of appellees' counsel are entirely without merit. That portion of the argument which stated that counsel had tried lawsuits against appellant's counsel and had heard a lot of the same speech, and that it always sounded pretty good to him, was more complimentary than derogatory. It was in no sense an attack upon the sincerity and integrity of appellant's counsel. The statement was outside of the record and the objection thereto should have been sustained, but the error in overruling it was harmless. The error in that portion of the argument which pictured Barton as getting drunk and striking down plaintiff "like a reptile that would reach out with its unseen clutches in the darkness of the night" was cured by the court's instruction not to consider it for any purpose.

The order overruling the plea of privilege is affirmed.