TEXAS EMPLOYERS INS. ASS'N
v. WADE et al.
No. 12219.

Court of Civil Appeals of Texas.
Galveston.
Feb. 1, 1951.

Rehearing Denied Feb. 22, 1951.

Rucks, Enlow & Kee, Angleton, Newton Gresham and Sam H. Hood, Jr., Houston, Fulbright, Crooker, Freeman & Bates, Houston, of counsel, for appellant.

Jimmy Phillips, Angleton, John L. Hill and W. J. Kronzer, Jr., Houston, Helm & Jones, Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the District Court of Brazoria County in a workmen's compensation suit brought by appellees, Ettie Mae Wade et al. to set aside an award of the Industrial Accident Board denying them compensation for the death of Henry G. Wade, which was alleged to have been caused from injuries sustained by him in the course of his employment with the Dow Chemical Company, which company carried compensation insurance with appellant, Texas Employers Insurance Association.

This case has been the subject of a prior opinion by this Court, reported in 197 S.W.2d 203, and three separate trials in the District Court which resulted in a hung jury, a mistrial and a judgment for appellees. In this trial a jury found, in substance, in answer to special issues submitted, that the deceased had sustained an accidental injury in the course of his employment with Dow Chemical Company, which was the producing cause of his death, and that his death was not produced solely by other conditions. A lump sum settlement was found to be proper. Judgment was rendered by the trial court in favor of appellees in accordance with this verdict.

Appellant relies in this appeal on 19 points of assigned error. Under its first three points it complains of the action of the trial court in permitting witnesses on behalf of appellees to testify that, during the afternoon of April 12, 1944, the deceased had told them that "the gas is getting me" or words to that effect; that such testimony was hearsay; that it represented an opinion or conclusion of the deceased; and that it was not admissible under the res gestae rule; that outside of this testimony there was no competent evidence establishing the fact that the deceased had inhaled gas or suffered an accidental injury at the time alleged in the

course of his employment with the Dow Chemical Company. Appellant further contends the evidence established the fact that the deceased had been ill from 4 to 6 hours prior to the time he made the complained of statements.

Under its points 4 to 19, inclusive, appellant complains of the action of the trial court in refusing to grant a new trial because of the alleged inflammatory, outside of the record, improper and prejudicial statements made by appellees' counsel in his closing argument, in which he stated that,—if there were no restrictions on the rules of evidence, additional testimony could have been brought before the jury that would have been favorable to appellees, in arguing that appellant had failed to produce fellow crew members who were working with the deceased at the time he was injured as witnesses; and that appellees' counsel in his argument used inflammatory, improper and prejudicial statements of facts outside of the record in which he appealed to the religious fervor of the jury.

Counsel for both parties agreed that all testimony adduced on the former trial could be read by either party without the necessity of actually producing the witnesses.

The deceased was employed as a painter by the Dow Chemical Company. He became ill on April 12, 1944, and returned to his home about 5:30 p. m. that afternoon. He was taken to the hospital that night and died on April 15, 1944.

His body was later exhumed and an autopsy was performed for the purpose of determining the cause of his death. The Doctor who performed the autopsy testified that it revealed a congestion of the lungs and that an irritant gas could have been a contributory producing cause of the bronchial pneumonia from gas inhalations caused by lung congestion, from which he was suffering. He testified inhalations from painting might kill a person or that it might simply irritate the lungs.

Appellees asserted that his death was the result of his having inhaled gas in the course of his employment on April 12, 1944.

Motions for directed verdict filed at the conclusion of plaintiffs' case and at the conclusion of all the evidence, and motion for new trial, were overruled by the court.

In its other points of appeal, appellant complains of the impropriety of the argument appellees' counsel to the jury, the alleged impropriety of his voir dire examination of the jury, and the alleged error of the jury in awarding appellees a lump sum payment.

The deceased became ill on the morning of April 12, 1944.

On the trial, L. J. Gormey testified that during the middle of the afternoon of April 12, 1944, he had occasion to be near the deceased and that Mr. Wade told him "This gas is getting me," or words to that effect, and that the deceased also told Monroe Muesse during the middle of the afternoon of that day that "This gas is about to get me." Appellant contends that these facts establish the fact that the onset of the deceased's illness came as early as 10:00 a. m.

Res gestae has been defined as "those circumstances which are the automatic and undesigned incidents of a particular litigated act, and which are admissible when illustrative of such act". Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ.App., 91 S.W.2d 787, 790; 17 Tex. Jur. 613, Sec. 256, and authorities cited. Declarations under circumstances raising a reasonable presumption that they are spontaneous utterances of thought created by or springing out of a transaction and so soon thereafter as to exclude the presumption that they are the result of premeditation or design are admissible as res gestae. Coleman v. Cook, Tex.Civ. App., 195 S.W.2d 1020.

The rule of res gestae has been held to be an exception to the hearsay rule. The rule is held to be very latitudinous, and it is held that its application should be determined to a great extent by the discretion of the trial court. Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ. App., 91 S.W.2d 787, 790; North American Acc. Ins. Co. v. Wyatt, Tex.Civ.App.,

160 S.W.2d 298, (and authorities there cited).

Res gestae differs according to the circumstances of the particular case. Texas Employers Ins. Ass'n v. Shifflette, supra. In determining whether evidence is admissible under the rule, every case must be tested by its own particular facts, and decisions in other cases cannot be made the guide except in their expressions of general and fundamental rules governing the doctrine. 17 Tex.Jur. 615–617, and authorities cited. In the Texas Employers Ins. Ass'n v. Shifflette case, supra, the Court held that while, in determining the admissibility of proffered testimony under the res gestae rule, each case must stand on its own particular facts; that there are certain safeguards that must be taken into consideration; and that to bring a declaration within the res gestae rule, such declaration must be connected with, and arise out of the transaction which is the subject matter of the inquiry. The proffered statement may be separated from the act or transaction by a more or less appreciable period of time, but it must stand in immediate causal relation to it. It must be either a part of the transaction or made under such circumstances as to raise a reasonable presumption that it is a spontaneous utterance of thought created by, or arising out of, the transaction itself. 17 Tex.Jur. 618, Sec. 259, and authorities cited. "* * * to come within the rule, the statement must not only be a spontaneous utterance of thought, created by or springing out of the transaction itself, but must be such as to exclude the idea of premeditation." 17 Tex.Jur. 620, § 261, and authorities cited. Our Courts have further held that, while time is an important element in determining the question of spontaneity, it is not controlling, and that the "two important elements in reference to the admission of the statement are: (a) Was the declarant suffering great pain at the time the statement was made? And (b) did death from the injury follow soon after making the statement? Western Union Tel. Co. v. Brown, Tex.Civ.App., 297 S.W. 267; International

Travelers' Ass'n v. Griffing [Tex.Civ. App., 264 S.W. 263]."

In the instant case, the record reflects that on the occasion when the deceased made the complained of statements to the witnesses Muesse and Gormey, he was suffering pain. The trial court who had heard the testimony from the witnesses determined that the statements were spontaneous and declarative of the existing facts under which they were made, and that these facts excluded the idea of premeditation. Under these facts, we conclude that the trial court did not abuse its discretion in overruling appellant's objections to the admission of said statement as evidence under the res gestae rule.

Appellant's Points 5, 6 and 7 deal with the argument of appellees' counsel in which he referred to the fact that if it were not for the restrictions of the rules of evidence, there would have been much additional information and testimony brought forward by appellees that would have been favorable to them and adverse to appellant, and of counsel's statement that "* * * It is just little things in lawsuits, little things, when a man's lips are sealed, when a man is dead and his lips are sealed, just little things that bring out who is interested, brings out who know more than they are telling, brings out who is really coming clean, and who didn't. * * *

"* * * Of course, she (Mrs. Wade) hasn't told you what he (Mr. Wade) said, that is not admissible testimony. * * * Was Roy Ingle lying to you? Did he affect you that way? Has he got anybody's ax to grind? Oh, he told what was asked under the rules of that evidence, and he told you those same things; he told you about the complaints that he had. Men, it is the little things that crop out in a lawsuit that give you a lot of life."

The type of argument complained of by appellant was held by the Supreme Court of this state to constitute reversible error in the case of Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, in which it was held to be reversible error for counsel

to argue that because of the "Dead Man" statute, certain witnesses were not permitted to testify concerning transactions with the decedent and to indicate that had they been permitted to so testify that their testimony would have been favorable to counsel's case.

In the case of Traders & General Ins. Co. v. Crouch, Tex.Civ.App., 113 S.W.2d 650, 654, writ dismissed, plaintiff's attorney argued that the insurance carrier brought in only two witnesses although there were 100 other workers whose names insurance carrier could have ascertained. Objection to the argument was sustained and the jury was instructed not to consider the argument. Thereafter, plaintiff's counsel stated, "Well, gentlemen, you know what the facts are with reference to the witnesses they did get here." In holding that this argument constituted reversible error, the Court said: "We think, under the rules laid down by our Supreme Court governing arguments, the statements complained of were unwarranted by the testimony, harmful, and clearly calculated to prejudice the minds of the jury against the appellant. * * * In the absence of a showing that it did not have that effect, the law presumes that it did. * * *"

In the case of Morgan v. Maunders, Tex.Civ.App., 37 S.W.2d 791, 793, writ dismissed, a defendants' witnesses stated that there had been another boy present at the scene of the accident. In arguing the case, plaintiffs' counsel stated to defendants' counsel: "You dug him up (the boy who testified), then why didn't you dig up the other boy, if you wanted the whole truth laid out on the witness stand. I have a right to criticize. Why didn't you dig him up? If he had (the boy) testified in favor of the defendants, they would have dug him up."

The court held the argument to be prejudicial and inflammatory and grounds for reversal.

The cases of Liberty Mutual Ins. Co. v. McDaniel, Tex.Civ.App., 102 S.W.2d 493; Service Mutual Ins. Co. v. Blain, Tex. Civ.App., 135 S.W.2d 745, and United Employers Casualty Co. v. Oden, Tex.Civ. App., 150 S.W.2d 114, have followed the rule laid down in the above cited authorities.

The record reflects that immediately after appellees' counsel had completed his closing argument and before the jury had gone to the juryroom to consider their verdict, appellant's counsel moved to the bench and advised the court that he wished to make certain objections to counsel's arguments, and that the court advised him that he desired to let the jury go to the juryroom and that he would treat such objections as having been made before the jury retired.

Appellant's 19th point of error alleges that there was not sufficient evidence to support the jury's findings that appellees were entitled to recover compensation in a lump sum. The evidence amply supports the submission of this issue as to Mrs. Wade. Taking into consideration the fact that Mr. Wade died in April, 1944, all compensation benefits payable to appellees have accrued except for a period of seven and a fraction weeks and that the interest on the amount saved appellant would amount to about sixty-cents, our courts have unanimously held that an error in this will not be considered. 3 Tex.Jur. 1169, Tex. Employers Ins. Ass'n v. Humble, Tex.Civ.App., 103 S.W.2d 818.

It follows from above conclusions that, in view of the closing argument made by appellees, the judgment of the trial court must be reversed and the cause remanded for a new trial. While this Court regrets the necessity of causing an additional delay in the final disposition of this case, under the above authorities we can reach no other conclusion than that portions of the argument of appellees' counsel complained of were improper and inflammatory, and that they constituted an appeal to the prejudices of the jury. Under these facts the case must be reversed and remanded for a new trial.