**J. R. MARTIN et al., Appellants,**

v.

**Coy CROW, d/b/a Coy Crow Paint and Body Shop, et al., Appellees.**

**No. 7514.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 29, 1963.

Rehearing Denied Dec. 3, 1963.

Glass & Glass, Tyler, for appellants.

Herbert Boyland, Kenley, Ritter & Boyland, Longview, for appellees.

FANNING, Justice.

Plaintiffs-appellants sued defendants-appellees for damages for the death of Mrs. Della Mae Martin, personal injuries to Mary John Donald, and for other stated damages, resulting from Mrs. Martin's automobile colliding with and striking an auto wrecker of defendant Coy Crow Paint and Body Shop. Mary John Donald was a passenger in Mrs. Martin's car. Defendant-appellee Earl Story, Jr., was an employee of Coy Crow Paint and Body Shop and was in charge of the wrecker which was parked on a paved shoulder off the highway when the night-time collision occurred.

Trial was to a jury upon special issues. The jury did not find appellees guilty of

any negligent act or omission proximately causing the collision. The only issues submitted to the jury concerning the conduct of appellees concerned the lighting equipment on the wrecker, the location of the wrecker at the time of the collision and the location of appellee Earl Story, Jr., at the time of the collision. The jury also found three acts of contributory negligence upon the part of Mrs. Martin, the driver of the Martin car, with reference to speed, failure to keep her automobile under proper control and failure to make proper application of her brakes, which acts of negligence were found to be proximate causes of the accident. The jury further found that the collision was not the result of an unavoidable accident and that the manner in which Mrs. Martin operated her automobile was the sole proximate cause of the collision. The jury further found that plaintiffs suffered no damages. The trial court rendered a take-nothing judgment against plaintiffs-appellants and they have appealed.

Appellants present 16 points on appeal. By their points 1 to 8 inclusive appellants complain of the admission in evidence of the testimony of the witnesses Dean and Hensley, State Highway Patrolmen, who testified to statements made by plaintiffs' witnesses Rector and Carter (who with appellee Story had witnessed the accident) to the effect that they, Rector and Carter, had been to Longview and Gladewater drinking, etc., and that Rector and Carter had further stated that "they themselves and Mr. Story were standing beside the Cadillac, the left side of the door, trying to open the door" at the time the accident occurred, and that the witness Hensley testified that the defendant-appellee Story had told him that "he had walked across the roadway to unlock the Cadillac so that he could tie the steering wheel in order to pick it up and there were some other parties that had driven up, and that he was talking to them when the accident occurred." Appellants attacked this evidence as being hearsay and prejudicial, and that no

predicate was laid for the impeachment of the witnesses Rector and Carter.

Appellees contend that by reason of the shortness of the time from when the accident happened to the time the words were spoken to the State Highway Patrolmen by the three eyewitnesses who had just witnessed an exciting and shockingly emotional event (from 20 to 30 minutes or not much more than 30 minutes before) that such statements were admissible under the doctrine of "res gestae". The authorities cited by appellees in support of the view that the statements were admissible as "res gestae" are as follows: Texas Employers Ins. Ass'n v. Wade, Tex.Civ.App., 236 S.W. 2d 836, (rev'd on other grounds 150 Tex. 557, 244 S.W.2d 197); Harris v. Allison, Tex.Civ.App., 11 S.W.2d 821, wr. dism.; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Heaton v. Globe Indemnity Co., Tex.Civ.App., 71 S. W.2d 328, wr. dism.; Stone v. Whitt, Tex. Civ.App., 259 S.W.2d 923; Pinson v. Busby, Tex.Civ.App., 304 S.W.2d 413, wr. dism.

Appellees take the further view that if such statements were held not to be "res gestae" that still appellants points 1 through 8 inclusive should be overruled because it is not shown that such testimony probably caused the rendition of an improper judgment and did not constitute reversible error under Rule 434, Texas Rules of Civil Procedure.

The collision in question occurred on a rainy night on the paved shoulder off of the highway between Gladewater and Tyler. A short time before the accident, Highway Patrolmen Dean and Hensley had stopped a Cadillac automobile headed toward Tyler, apprehended the driver, Tubby Neal, who apparently was intoxicated, carried him to jail in Tyler, and left Neal's Cadillac parked on the paved shoulder off of the highway facing Tyler. The Patrolmen apparently delivered the car keys to Neal's Cadillac to Story and he proceeded in the wrecker of his employer to pick up Neal's parked car. When Story arrived

he saw that another vehicle was also stopped on the shoulder off of the highway directly behind Neal's Cadillac. The witnesses Carter and Rector were standing in close proximity to these two automobiles, although there was some dispute as to their exact location. Story stopped his wrecker on the paved shoulder off of the highway opposite the two stopped automobiles and a short time thereafter the accident occurred. Carter, Rector and Story were eyewitnesses to the accident. The highway was about 23½ feet wide and Mrs. Martin's car had ample room on the highway to pass safely (under the evidence), however she ran into and struck the parked wrecker, which was off of the highway and on the paved shoulder, and under the great weight and preponderance of the evidence, the wrecker had ample lighting to warn of its presence, and the findings of the jury that there was no primary negligence on the part of the defendants-appellees proximately causing the collision are very strongly supported by the evidence.

From the greater weight and preponderance of the evidence it appears that the statements made to the Highway Patrolmen by Rector, Carter and Story at the scene of the accident, were made within 20 or 30 minutes, (or at least not much more than 30 minutes) after the accident occurred.

■ However, we deem it unnecessary to determine whether the testimony complained of was admissible as "res gestae" as we have reached the firm view that in the light of the whole record in the case that the admission of such testimony (whether res gestae or not) was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment and would not constitute reversible error under Rule 434, T.R.C.P. Especially is this true because the great weight and preponderance of the evidence strongly supports the jury's findings that defendants-appellees were not guilty of any primary negligence proximately causing the accident in question, and that there is very little, *if any*, evidence of probative force which would support a contrary conclusion. Appellant's points 1 through 8, inclusive, are deemed as not presenting reversible error under this record and such points are overruled.

■ We also hold that the refusal of the trial court to allow the witness Charles Rector to testify that he had no interest in the outcome of the lawsuit does not constitute error under the record in this cause. 23 Tex.Jur.2d Evidence, Sec. 408, pp. 608–9. Appellants' 9th and 10th points are overruled.

■■ We also hold that reversible error is not presented by the failure of the trial court to give appellants' requested instructions and special issues with respect to the doctrine of "sudden emergency" as raised by appellants' points 11 through 15 inclusive. The judgment of the trial court is not necessarily based on the contributory negligence of Mrs. Martin, but can be clearly based on the absence of primary negligence on the part of defendants-appellees herein proximately causing the accident in question. It is also clear that the doctrine of sudden emergency does not in itself constitute an independent ground for recovery. See Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386. If there was any error in the failure to submit an issue as to sudden emergency or if there was any error in the manner of submission of the contributory negligence issues, such error, if any, would be harmless and immaterial, in view of the jury's failure to convict defendants-appellees of any negligence proximately causing the accident in question. Highway Insurance Underwriters v. Stephens, Tex.Civ.App., 208 S.W. 2d 677, wr. ref., n. r. e.; City Transp. Co. of Dallas v. Davis, Tex.Civ.App., 257 S.W. 2d 476, wr. ref., n. r. e.; Attaway v. Ft. Worth & Denver Ry. Co., Tex.Civ.App., 334 S.W.2d 845, wr. ref., n. r. e. Appellants' points 11 through 15, incl., are overruled.

■ Appellants further contend that the findings of the jury that they suffered no

damages are against the great weight and preponderance of the evidence. The jury findings of "no damages" are contrary to the undisputed as well as the great weight and preponderance of the evidence, however this does not call for a reversal of the judgment of the trial court because the findings of the jury that defendants-appellants were not guilty of any negligence proximately causing the accident rendered the damages issues immaterial and did not show prejudicial harm. In this connection see the following authorities: Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334; Martin v. City of Corsicana, Tex.Civ.App., 130 S.W.2d 405, dism. judgm. corr.; McCormick v. Southwestern Bell Telephone Co., Tex.Civ.App., 36 S.W. 2d 1082, wr. ref.; Guerrero v. Wright, Tex. Civ.App., 225 S.W.2d 609, wr. ref., n. r. e. Especially is this true in this case as the great weight and preponderance of the evidence strongly supports the jury's findings that defendants-appellees were not guilty of any negligence proximately causing the accident. Appellants' 16th point is overruled.

The judgment of the trial court is affirmed.