**LOTTMAN v. CUILLA et al. (No. 675–4570.)**

(Commission of Appeals of Texas. Section B. Nov. 17, 1926.)

**1. Appeal and error ⟨⟩1060(1)—Argument of plaintiff's counsel that defendant would have called certain witness, if he would have testified that accident did not occur in front of defendant's property, held to require reversal.**

In action for personal injuries from fall on defective sidewalk, in which evidence was uncertain as to where accident occurred with reference to defendant's property, argument of plaintiff's counsel to effect that defendant would have called witness who picked plaintiff up, if such witness would have testified that accident did not occur in front of defendant's property, *held* to require reversal.

**2. Municipal corporations ⟨⟩814—City, having required construction of sidewalk, held proper party defendant to action against property owner for personal injury (Vernon's Ann. Civ. St. 1925, art. 2212).**

City is proper party defendant in action against property owner for personal injuries from fall on defective sidewalk, where it had required owner to do as he did in constructing

walk, in view of Vernon's Ann. Civ. St. 1925, art. 2212, recognizing principle of enforced contribution among tort-feasors.

**3. Pleading ☞34(3)—On demurrer, every intendment favors petition's sufficiency.**

As against general demurrer, every reasonable intendment as to sufficiency of petition to state cause of action will be indulged.

**4. Municipal corporations ☞814—Property owner's allegation sidewalk was constructed as required by city held to show joint responsibility for defect.**

In personal injury action by pedestrian, who fell on defective sidewalk, property owner's allegation that walk was constructed as required by city *held* to show city jointly responsible for walk's defective condition.

**5. Appeal and error ☞302(5)—Defendant property owner, in action by pedestrian for injuries from fall on defective sidewalk, held to have sufficiently excepted to judgment sustaining city's demurrer to pleading making it party defendant, by exception to overruling of motion for new trial, in which court's action in sustaining demurrer was assigned as error.**

Defendant property owner, in action by pedestrian for injuries from fall on defective sidewalk, *held* not required to except to judgment sustaining city's demurrer to his pleading making it party defendant, until ruling became final through overruling of motion for new trial based on that ground, and exception to overruling of motion for new trial, in which action of court in sustaining demurrer was assigned as error, was sufficient.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Nellie Mae Cuilla against E. J. Lottman, wherein defendant impleaded the City of Houston as cross-defendant. Judgment for plaintiff was affirmed by the Court of Civil Appeals (279 S. W. 519), and defendant Lottman brings error. Reversed and remanded.

Stewart, De Lange & Milheiser and Albert J. De Lange, all of Houston, for plaintiff in error.

H. H. Cooper, of Amarillo, and Frank Williford, Jr., of Houston, for defendants in error.

SPEER, J. This suit was instituted by Nellie Mae Cuilla against E. J. Lottman to recover damages for personal injuries from a fall over a defective sidewalk in front of certain property alleged to belong to the defendant Lottman in the city of Houston. A very full statement of the case is made by the Court of Civil Appeals in its opinion affirming the judgment of the district court (279 S. W. 519), and only such statement will be made here as is necessary to an understanding of the questions decided by us.

[1] During the argument to the jury, Mr. De Lange, counsel for the defendant, stated that the plaintiff was unfamiliar with the locality where she was injured, and could have been mistaken as to the place where she was injured, and that no witness had testified it was at this place; that is, in front of the defendant's property. In reply to this argument, counsel for plaintiff said:

"You have the uncontradicted testimony of Mrs. Cuilla that she fell off of this rough, jagged step, made in the sidewalk by Lottman, as she was walking along in the dark, which injury has resulted in crippling her for life. You have heard nobody deny this occurred. She says it was dark at the place where she was injured, and that it was immediately in front of this property belonging to the defendant Lottman. She says that a Mr. Walker came along and picked her up, after she had tried to walk and failed, and had fallen on the sidewalk, and that he took her home. Counsel for the defendant says that nobody knows that this injury occurred in front of his client's property. Mrs. Cuilla says it occurred there, and she also says that Walker picked her up there. Mr. Walker was summoned as a witness here in this court, and would have been here yesterday afternoon, shortly after all evidence was closed. If the defendant had any doubt about the place, knowing that Walker was a witness, they would have ascertained whether he fixed the place at the same place Mrs. Cuilla did or not, and, if it was not at this place, Mr. Walker would have been here testifying for them that it was at another and different place."

The defendant duly objected to this argument, upon the ground that the statements of the plaintiff's attorney were not supported by any evidence in the case and there was no evidence to show what Walker's testimony would be, and that such arguments and statement were improper, inflammatory, and prejudicial to defendant. The objections were overruled, and the court said to counsel for defendant: "Mr. De Lange, you may have your bill." Thereupon counsel for plaintiff, continuing his argument to the jury, said:

"Yes, Mr. De Lange, you may have your bill; but you cannot mislead this jury, and undertake to make them decide that this injury did not occur in front of your client's property, by attempting to have them guess at it, when you knew Walker had been summoned as a witness in this case, and that he was familiar with the place, and that, if it was not in front of that property, you could prove by him it was not, and you would have done it. Why didn't you place him on the stand, and have him give the jury his version, and not ask the jury to guess at it?"

The defendant further objected to such argument, and requested the court to instruct the jury not to consider the same, all of which were overruled, and due exceptions were taken. The court, before approving the defendant's bill of exceptions, added the following qualification:

"Upon the plaintiff having introduced the testimony in this case and closing it at about 3:30

in the afternoon, plaintiff, by her counsel, in the presence of the jury, stated to the court that they had one other witness, a Mr. Walker, who was in charge of a still at the Sinclair Refining Company's plant somewhere below Harrisburg, about 8 or 10 miles from the city, and that he could not get off from work until 4 o'clock, and that immediately upon his getting off from work would come directly to the courthouse to testify in said case, and stated to the court that, if the defendant had any testimony they could offer, plaintiff's counsel would be glad if they would do that, and permit him to introduce Mr. Walker as soon as he arrived. Counsel for the defendant stated to the court, in the presence of the jury, that they had no testimony to offer until the plaintiff had closed their case; and thereupon the plaintiff stated to the court that, if that was the attitude of counsel for the defendant, they would rest and close at this period without using Mr. Walker. The defendant's counsel, in a few minutes after this, after conferring with their client, stated that they did not care to offer any testimony, and that the evidence was closed; and plaintiff's counsel, in answering the argument of defendant's counsel with reference to the knowledge of plaintiff as to the place where the injury occurred, discussed the facts stated in the bill of exceptions. Walker was not summoned by defendant Lottman, and there is no knowledge or evidence as to what Walker's testimony would be, or as to defendant's (Lottman's) knowledge thereof."

The Court of Civil Appeals was of the opinion the argument was improper, but held the error to be harmless, since they were of the opinion the evidence showed conclusively that the property was owned by appellant, and the objectionable argument could not reasonably, therefore, have had any influence prejudicial to the defendant. We do not concur in this conclusion. We have very carefully examined the statement of facts, and especially considered all of the testimony tending in any way to show where, with reference to plaintiff in error's property, the accident occurred. No useful purpose could be subserved in setting out this testimony. It is sufficient to say the evidence is in a great state of uncertainty.

We think the facts and circumstances in evidence are such as to justify a finding of fact that the defect through which defendant in error was injured was in the sidewalk adjoining plaintiff in error's property; but this conclusion is a deduction from the evidence, and arises in large measure from the circumstance that plaintiff in error, though called to the stand as a witness, did not testify to any fact negativing the plaintiff's charge that the defect was in front of his property. He was shown a photograph of the sidewalk, and made no denial that the supposed defect was adjacent to his property. We think the Court of Civil Appeals reached the right conclusion with respect to this matter, expressed by that court in a former part of its opinion, wherein the court said:

"We are not prepared to hold that there was no evidence to sustain findings that the property on the southeast corner of Lamar and Caroline streets, where the plaintiff alleged and testified she received her injury, was owned and controlled by appellant, and that he caused the original sidewalk in front of his property to be removed and a new sidewalk, as alleged by plaintiff, to be built, 8 to 11 inches below the level of that portion of the original sidewalk, which remained unbroken. * * * To the contrary, we think there was ample evidence to support such findings. * * * In the present case, appellant knew whether or not the property at the southeast corner of Lamar and Caroline streets, where the accident occurred, was owned by him, and he could have produced evidence almost, if not, conclusive of that issue, and yet he failed to produce the same."

An examination of the original photographs sent up with the record discloses an abrupt break in the sidewalk, which appears to be of some 3 or more feet in width, from which there is a gap or skip in the sidewalk of some 3 feet, the exact distance not being shown, and there begins a sidewalk extending the entire width of the corner building, which appears to be owned by plaintiff in error. This sidewalk appears to be from property line to curb, some 12 or more feet in width, and is apparently several inches lower than the narrow sidewalk already referred to. The testimony shows that defendant in error fell by stepping upon the edge (rather, end) of the narrow sidewalk, and falling into the space above referred to, where there was no walk, and at a point where the depth below the surface of the walk was from 6 to 8 inches. It is by no means certain that this particular place in the sidewalk was adjacent to plaintiff in error's property. It seems to be undisputed that plaintiff in error owned or controlled the corner improvement, but just the extent of the property, or the location of the line, is not shown at all.

As stated, there is a space between the east line of plaintiff in error's building and the broken line of the sidewalk, at which point the defendant in error was injured, and there is nothing in the record to show with any degree of conclusiveness that this particular place was adjoining plaintiff in error's property. The evidence, especially the circumstances already referred to, would perhaps justify an inference in favor of the plaintiff; but the testimony is not conclusive upon that point. This being the state of the evidence, it cannot be said the error in the argument was harmless. The effect of the argument clearly was to invoke the aid of the supposed testimony of Walker, in corroboration of plaintiff. It was, of course, a very vital point, and it cannot be said the wrongful appeal to this consideration was harmless. See San Antonio Public Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765.

[2] We think the Court of Civil Appeals and the trial court, whose judgment in that

respect it affirmed, also erred in the matter of sustaining the general demurrer of the city of Houston to plaintiff in error's pleadings making it a party defendant. The Court of Civil Appeals upholds the ruling upon the general principle that one tort-feasor, against whom a recovery is had, cannot compel others who joined with him in the commission of the tort for which he was held liable, to contribute to the satisfaction of the judgment rendered against him. Such undoubtedly is the general rule, and such has always been the rule in Texas, until the act of 1917 (Vernon's Ann. Tex. Stats. 1925, art. 2212), by which a different rule is expressly prescribed. That article reads:

"Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in causes wherein the right of contribution or of indemnity, or of recovery over, by and between the defendants is given by statute, or exists under the common law, shall, upon payment of said judgment, have a right of action against his codefendant or codefendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment."

This clearly recognizes the principle of enforced contribution amongst joint tort-feasors, thus changing the common-law rule upon that subject. It is true literally the statute applies to judgments rendered against two or more wrongdoers. But the evident purpose of the act was to relieve the rigor of the common law, so as to place the burden, as amongst themselves, equally upon all the solvent tort-feasors. There is no reason to hold the Legislature meant to exclude from the benefits of the statute those cases where, as here, the plaintiff did not elect to sue all the tort-feasors; but every consideration impels us to hold that the defendant sued may, and should be allowed to, bring in other wrongdoers, provided he does so in such way as not to delay or otherwise prejudice the plaintiff's case. · In the present instance, there seems to be no contention that the plaintiff's case was in any way prejudiced by the presence of the city of Houston as a defendant. Indeed, the city has been dismissed upon its own demurrer.

[3] Now the general rule is thoroughly established that as against a general demurrer every reasonable intendment as to the sufficiency of the petition to state a cause of action will be indulged. In this case the defendant Lottman pleads that his sidewalk was constructed in accordance with the charter and ordinances of the city of Houston, and in accordance with the regulations adopted by the city, and as enforced by its officers and by its engineering department, in accordance with the plans and specifications, and at the level, prescribed by the city, and that his sidewalk was so constructed because so required by the city of Houston; that the construction of his sidewalk, and the grade at which same was placed relative to the old sidewalk, was done under the supervision and control of the city of Houston, and in accordance with requirements of the city; and that the sole proximate cause of plaintiff's injury is the difference in grade between the sidewalk constructed and the old sidewalk, which was left at the old grade in accordance with orders and instructions of the city of Houston, enforced through its duly authorized officers. The defendant sought to have the city of Houston made a party, which was done, and the trial court sustained a general demurrer to the petition. ·

[4] The allegations referred to, when tested by a general demurrer, undoubtedly show at least that the city of Houston was jointly responsible for the defective conditions of the sidewalk, which caused plaintiff's injury. It is beside the question to speculate as to the probable truth of the matters thus pleaded against the city, but for the purposes of the general demurrer we must accept every allegation in the light of every reasonable intendment as showing that the city of Houston authorized and even required plaintiff in error to do precisely what he did do with respect to the construction of the sidewalk. It is for this very thing he is being sued, and under our statute and the facts alleged by him in his petition against the city, the city would be liable to him for contribution upon any judgment recovered by the plaintiff. The trial court erred in sustaining the general demurrer, and the Court of Civil Appeals erred in affirming that order.

[5] At this point we recall counsel for defendant in error suggests plaintiff in error took no exceptions to the trial court's judgment sustaining the city's general demurrer and dismissing his case. We find, however, this action of the court was assigned as a ground of error in the motion for new trial, and an exception was noted to the action of the court in overruling the motion for new trial. This was sufficient. Defendant in error was not required to except to the judgment upon the demurrer until the ruling became final, through the overruling of the motion for new trial based upon that ground.

For the reasons given, we recommend that both judgments be reversed, and the cause remanded as to all parties, for another trial in the district court.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.