### SERVICE MUT. INS. CO. v. BLAIN.

### No. 2190.

Court of Civil Appeals of Texas. Waco.

Dec. 7, 1939.

Rehearing Denied Jan. 11, 1940.

Scott & Wilson, of Waco, for appellant.

George Clark and Charles Mooney, both of Waco, for appellee.

ALEXANDER, Justice.

This is a workmen's compensation case. W. A. Blain was the employee. Jones Fine Bread Company, Inc., was the employer, and the Service Mutual Insurance Company of Texas was the insurance carrier. A trial before a jury resulted in judgment in favor of the employee. The Insurance Company appealed.

There was evidence that the employee had worked in repairing a bread mixer from 8 o'clock A. M., on May 5, 1938, until 4 o'clock A. M., of the following morning; that this work required him to lift many heavy objects and in close proximity to the ovens used in the bakery, and, as a result, the employee was subjected to extreme heat; that after finishing this particular job the employee rested for a short while and was then put on another job repairing an elevator motor; that this

work was done in a penthouse in very close quarters on top of the building where it was extremely hot; and that as a result of this work and the extreme heat to which he was subjected, the employee suffered an injury to his heart which totally and permanently disabled him.

The jury, in answer to special issues, found that on May 6, 1938, the employee suffered an accidental injury to his heart—called a heart block—while working for the employer in the course of his employment, as a direct result of over-exertion in such work. The appellant contends that the evidence was insufficient to support the verdict and that the trial court should have given an instructed verdict in its favor. We are of the opinion that the evidence was sufficient to take the case to the jury, but, in view of the fact that the judgment must be reversed for other reasons, we deem further discussion of this question unnecessary at this time.

There was evidence that the employee had suffered from a similar disability while working in the state of Oregon in the year 1937, and it was contended by the Insurance Company that his present disability was due to the old injury, or to a diseased condition of his body, and not to any injury sustained by him in the course of his employment while working for this particular employer. The evidence before the jury left the question in dispute. The employee relied largely on the testimony of Dr. Coffelt to sustain his contention that he had suffered an injury to his heart on the occasion in question. The Insurance Company did not offer any medical testimony to the contrary. There was evidence that the employer's superintendent, Mr. Horne, had called Dr. Catto, a local physician, to treat the employee when he first became ill at the bakery. There was also evidence to the effect that after this suit had been filed, the claim adjuster for the Insurance Company had called on Dr. Catto and discussed the case with him, but there was no evidence that Dr. Catto was an employee of the Insurance Company or otherwise under its control. With the record in this condition, counsel for the appellee made the following argument to the jury: "Dr. Coffelt tells you that in the examination he made of this man he could demonstrate an injury to the heart just as definitely and certainly as he could demonstrate a broken arm. Has it been refuted? There are other doctors that saw the man. His family doctor referred him to an expert. If you are unwilling to take his word, Mr. Scott—if you are not willing to take the word of this expert to whom his family doctor referred him, the Service Mutual Insurance Company, if you are not willing to take the word of a sworn expert who has duly qualified and is unimpeached, and is not shown to be anything except a reputable, qualified expert on such conditions, why, oh why don't you bring in some testimony to refute it, if you want to face this jury and ask them to disbelieve it. * * * Dr. Coffelt tells you that that man has a positive injury to his heart, and that he can demonstrate it just as definitely as he can demonstrate an injury to the arm, or a broken arm. I am not an expert on heart conditions or injuries, and the only way I know to find out about that is to get an expert, a man, such an expert that his family physician thought it advisable, gentlemen, to refer him to. If you don't want to accept the sworn testimony of Dr. Coffelt, why haven't you brought in Dr. Catto, who was sent out to the hospital to see this man by Mr. Horne? * * * He examined him. He is here in town. Why don't you bring him in, if you dont want this jury to believe this man has sustained an injury to his heart out there. * * * Dr. Coffelt tells you that if that man had suffered a heart block in Oregon in his condition, he would not have been able to work. He says he can't do it, and I am saying that is his professional opinion. If they don't want to accept his professional opinion on that matter, there are other doctors in town. Why don't you get one of them to come in here, if you want the jury to disbelieve that testimony?"

Counsel for appellant objected to the above argument at the time it was made and the trial court overruled the objection. In the case of Lottman v. Cuilla, 288 S.W. 123, 124, the Commission of Appeals had before it a case in which the disputed issue was whether the accidental injury to plaintiff had occurred on a sidewalk in front of the defendant's place of business. The plaintiff had so testified. There was evidence that one Walker had given aid to her at the time and place of her injury. Walker was summoned by the plaintiff as a witness but did not arrive until after the plaintiff had closed her case and hence was not given an opportunity to testify. The defendant rested without

introducing any evidence. A judgment for the plaintiff in that case was reversed because counsel for plaintiff made the following argument to the jury: "If the defendant had any doubt about the place knowing that Walker was a witness, they would have ascertained whether he fixed the place at the same place Mrs. Cuilla did or not, and, if it was not at this place, Mr. Walker would have been here testifying for them that it was at another and different place. * * * Yes, Mr. DeLange, you may have your bill; but you cannot mislead this jury, and undertake to make them decide that this injury did not occur in front of your client's property, by attempting to have them guess at it, when you knew Walker had been summoned as a witness in this case, and that he was familiar with the place, and, that, if it was not in front of that property, you could prove by him it was not, and you would have done it. Why didn't you place him on the stand, and have him give the jury his version, and not ask the jury to guess at it?"

In reversing the case, the court said: "The effect of the argument clearly was to invoke the aid of the supposed testimony of Walker, in corroboration of plaintiff."

While we do not fully agree with the holding of the Commission of Appeals in the above case, we do feel that we are bound thereby, and, for that reason, must reverse the judgment of the lower court on account of the argument here complained of. See, also, the following cases in support of appellant's contention: Traders & General Insurance Co. v. Crouch, Tex.Civ.App., 113 S.W.2d 650, par. 9, and authorities there cited; Liberty Mutual Insurance Co. v. McDaniel, Tex.Civ.App., 102 S.W.2d 493, 497, par. 4; San Antonio Public Service Co. v. Smith, Tex.Civ.App., 57 S.W.2d 179, par. 1.

The testimony showed without dispute that the injured employee at the time of his injury, if any, was working in a bakery without having in his possession a certificate of good health, as required by Vernon's Penal Code, Art. 705c. In the case of Traders & General Insurance Co. v. Rogers, Tex.Civ.App., 119 S.W.2d 679, the Fort Worth court held that such a state of facts barred a right of recovery to an employee for injuries sustained in the course of his employment, but the Supreme Court granted a writ of error in

that case and has not yet decided the question. It would serve no useful purpose for us to discuss the question at this time, and consequently we refrain from doing so. The question will likely be decided by the Supreme Court before the case reaches us again.

On account of the error above referred to, the judgment of the trial court is reversed and the cause is remanded for a new trial.

TIREY, J., took no part in the consideration and disposition of this case.