Orgain, Bell & Tucker, of Beaumont, for appellant.

Lamar Hart, of Beaumont, for appellee.

## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., LIMITED, v. YOUNG.

No. 4447.

Court of Civil Appeals of Texas. Beaumont.

May 1, 1947.

Rehearing Denied May 28, 1947.

COE, Chief Justice.

This is an appeal from a judgment of the district court of Jefferson county, awarding appellee compensation for total incapacity for a period of two years at the rate of $20 per week.

Appellee alleged that on October 25, 1945, he sustained an accidental injury when he stepped on a cable which rolled and threw him off balance and caused him to fall, striking his head and back, and that in the course of such accident he also fell against another cable, which pulled a scaffold board loose, and that the scaffold board struck him on the foot. Appellee alleged he was paid 10 weeks compensation and that he was entitled to receive an additional 150 weeks compensation. Appellant's answer contained a general denial, a plea that payment had been made during the full period of appellee's incapacity, and that by such payments its liability had been

discharged, as well as other defensive pleas. The court submitted the case to the jury on special issues. and upon the jury's findings entered judgment for appellee, awarding him compensation at the rate of $20 per week for a period of 104 weeks, with 6% interest on past due installments. From this judgment appellant has perfected its appeal.

With the exception of two points, based upon the allowance of interest on the ground that there was no pleading to support a judgment for such item, appellant's assignments and points are directed to alleged errors in the submission of special issues Nos. 1, 2 and 3 of the court's charge. All points relating to issues Nos. 1, 2 and 3 are grouped and argued together.

Special issues Nos. 1, 2 and 3, as submitted by the court in its charge, are as follows:

"Special Issue No. 1.

"From the preponderance of the evidence, do you find that the plaintiff, Irving Young, sustained an injury to his back when he stepped on a cable which rolled and threw him off balance and caused him to fall against a steel rack on or about October 25, 1945? Answer 'Yes' or 'No'.

"Special Issue No. 2.

"From the preponderance of the evidence, do you find that the plaintiff, Irving Young, sustained an injury to his head when he stepped on a cable, which rolled and threw him off balance and caused him to fall on or about October 25, 1945? Answer 'Yes' or 'No'.

"Special Issue No. 3.

"From the preponderance of the evidence, do you find that the plaintiff, Irving Young, sustained an injury to his right foot when a scaffold board about sixteen feet long fell and suddenly struck him on the right instep on or about October 25, 1945? Answer 'Yes' or 'No'.

To special issue No. 1 the appellant made the following objections:

"Defendant objects to Special Issue No. 1 of the court's charge because:

"(c) Said issue is duplicitous in that it submits more than one disputed issue, to-wit, (1) whether or not plaintiff, Irving Young, sustained an injury to his back; and (2) the manner in which said injury was sustained, when such issue should be separately submitted and defendant does not waive, but here and now insists upon its right to have the jury to determine such issues separately;

"(d) Said issue is on the weight of the evidence in that it assumes that the plaintiff's testimony is true and that he actually stepped upon a cable as claimed;

"(e) Said issue is on the weight of the evidence in that it assumes that plaintiff stepped upon a cable, which rolled and threw him off balance and caused him to fall, which is a disputed matter herein, and defendant is entitled to have the jury pass upon the issue of whether an injury was sustained without any assumption or intimation by the court that the very occurrence took place as alleged by plaintiff and as testified to by plaintiff;

"(f) Said issue is on the weight of the evidence in that it assumes that the plaintiff sustained an injury to his back and is further on the weight of the evidence in that it assumes that plaintiff stepped upon a cable and assumes that the cable rolled and that he was thrown off balance and caused to fall against a steel rack;

"(g) The inquiry as to the manner and means of the injury being immaterial, the only material issue being as to whether plaintiff sustained an injury, said issue is improper in that it not only submits an immaterial inquiry to the jury, but also submits the same in such a manner as to assume that the very occurrence alleged to have brought about the injury took place as claimed, in that said issue clearly assumes that the plaintiff stepped upon the cable and that the cable rolled, and that he was thrown off balance and thereby caused to fall against a steel rack."

"(a) The submission of three issues inquiring as to whether or not an injury was sustained is prejudicial to this defendant, in that plaintiff's theory of the case is thus unduly emphasized, particularly when all of said issues assume that the occurrence took place as alleged and claimed by plain-

tiff and that the injury was sustained in the manner and means as alleged;

"(b) The basic issue involved in a compensation case being whether the employee sustained an accidental injury to his body and it not being material as to the manner and means of the injury, the submission of three different issues, each inquiring as to whether injury was sustained, unduly emphasizes plaintiff's theory of the case and plaintiff's evidence and unduly emphasizes the nature of the injury alleged to have been sustained and such submission is calculated to cause the jury to believe that the plaintiff sustained a serious injury and that all of the various parts of his body as inquired about in said issues were involved and defendant has a right to have the jury determine in but one issue the basic inquiry as to whether a personal injury was sustained."

Similar objections were made to issues Nos. 2 and 3. All such objections were overruled and were brought forward in appellant's amended motion for a new trial and form the basis of appellant's points Nos. 1 to 10, inclusive. Upon the trial, it was admitted that appellee had sustained an injury, causing disability for a period of 10 weeks. It was denied that the injury was of such severity as claimed by appellee and it was highly disputed in the case as to whether appellee sustained any injury to his head and back, as alleged. It was also disputed as to the extent and duration of the injury to his foot. As to the nature of the accident which produced appellee's incapacity, the only witness testifying was the appellee himself. His testimony was in substance that he was working in the hold of a vessel and he stepped through the door to go from one hold to the other; that he stepped on a cable which rolled and threw him against another cable which was wrapped around a board, that the board fell and struck him on the foot; that there was an angle form on the floor on which he fell and hit his head and that he also hit his back on the corner of the angle. He also testified that he was unable to work on account of the injuries to his head, back and foot. While the testimony was highly conflicting as to the extent and duration of appellee's in-

capacity there is sufficient evidence in the record to support the finding of the jury that appellee suffered total incapacity for a period of two years.

Under appellant's evidence, and its theory of the case, the only injury which appellee sustained was a fracture to the right big toe which it contended had healed and caused only temporary disability.

In view of the fact that it was a controverted issue as to the manner appellee sustained his injuries, it was error for the trial court to assume in the submission of the issues to the jury that the appellee had experienced the kind and character of accident that he testified he had experienced. In each of the special issues Nos. 1, 2 and 3, the trial court assumed as a fact that appellee had stepped on a cable which rolled and threw him off balance and caused him to fall on or about October 25, 1945, which it was clearly unauthorized to do. As pointed out by the Supreme Court, in an opinion written by Chief Justice Alexander, in Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, the basic and fundamental issue was whether or not an accidental injury was sustained, that it was immaterial as to the manner and means of the injury so long as it was sustained during the course of employment and it was furthermore immaterial, as regards a general injury, as to what part of the body was injured. The court further held that the question should be submitted in one issue, inquiring as to whether or not the plaintiff sustained an accidental injury. Moreover, the court held that it was improper to submit separately each of the bodily injuries and stated that no useful purpose would be served by such separate submission nor would it be helpful to list all the alleged injuries in a single issue, and stated further: "In fact, either of these methods of submitting the issue to the jury would not only tend to confuse the jury, but to over-emphasize the extent of the alleged injuries, and this might result in an injustice to the insurance company." While the means and manner of the accident are immaterial, the court should not assume that appellee experienced an accident which was calculated

to produce the injuries claimed to have been sustained. Upon the authority of Southern Underwriters v. Boswell, each of appellant's points Nos. 1 to 7 is sustained. Points Nos. 8, 9 and 10 are overruled.

By appellant's points Nos. 11 and 12, it complains of the judgment of the trial court in allowing interest on past due compensation payments on the ground that appellee had not sued for interest on past due installments. While it was error for the trial court to enter a judgment for interest on past due compensation payments where the claimant had not sued for same, such error would not require a reversal of the case for the reason that the judgment could be reformed and affirmed. In view of another trial of this case, we hold that the trial court should not permit appellee to recover interest on past due compensation payments unless his pleadings are amended so as to sue for same.

For the errors hereinbefore pointed out, this cause is reversed and remanded to the trial court.