## THORNTON et al. v. MORGAN et al.
### No. 12351.

Court of Civil Appeals of Texas. Galveston.

Jan. 10, 1952.

Fulbright, Crooker, Freeman & Bates and William H. Vaughan, Jr., all of Houston, for appellants.

F. Warren Hicks, Max Garrett, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a $535 judgment entered by the County Court at Law of Harris County, Texas, in favor of the appellees against the appellants as for damage to the automobile of the former resulting from a collision with the car of the latter which occurred on Highway 288, one mile south of Arcola, Texas.

The decree was entered partly in response to a jury's verdict on Special Issues-of-fact submitted to it by the court, and partly upon independent findings of the court itself from the evidence.

Prior to the collision, appellants' car had been going in a northerly direction on the highway, while that of the appellees had been proceeding in a southerly direction thereon; a Model A Ford car, driven by a Negro, who seems to have vanished into thin air after the collision, had also, prior thereto, been proceeding just ahead of the appellees on the same highway, immediately before the collision between the other two cars, and seems to have struck the appellants' car on its left rear fender just prior to such collision between the other two cars, and to thereupon have disappeared for good.

The appellants' car was a Mercury, while that of the appellees was a Buick. Only the appellants and the appellees were parties to the suit.

The trial court submitted what it deemed to be the ultimate issues-of-fact raised by the pleadings and evidence to a jury, in some sixteen inquiries, the boiled-down substance of which, it is thought, may be stated in this way:

(1) did Mrs. Thornton drive her car faster than a person of ordinary prudence, exercising ordinary care, would have done in the circumstances attending, and if so, was such excess of speed a proximate cause of the collision?

(2) did Mrs. Thornton drive her car faster than 60 miles per hour, immediately before the collision, and if so, was such

excess over sixty miles per hour a proximate cause of the collision?

(3) did Mrs. Thornton, in her driving, keep such a lookout as a person of ordinary prudence in the exercise of ordinary care would have kept under like circumstances, and if not, was that failure a proximate cause of the collision?

(4) did Mrs. Thornton fail to have and keep her car under such control as a person of ordinary prudence exercising ordinary care would have done under the circumstances, and if she failed to do so, was that failure a proximate cause of the collision?

(5) was the failure of Mr. Meyer, the driver of appellees' car, to turn it in an effort to avoid the collision, negligence?

(6) did Mr. Meyer, just before the collision, fail to keep such a lookout for other cars as would have been kept by an ordinarily prudent person, in the exercise of ordinary care, in the circumstances?

(7) did he fail to apply his brakes as quickly as an ordinarily prudent person would have done in · the circumstances?

(8) was the act of Raymond Davis, the driver of the Model A Ford car, in making the turn in the manner he attempted, a new and independent cause of this collision?

(9) was such act of Raymond Davis the sole proximate cause of this accident?

(10) was Mrs. Thornton immediately before the collision acting under an emergency, as defined by the court, and if so,

(11) did she fail to do thereafter what an ordinarily prudent person would have done under the same or similar circumstances?

All of the enumerated inquiries were answered favorably to the appellees, and unfavorably to the appellants—that is, the appellees were acquitted of any negligence, whereas the appellants were found to have been negligent in the particulars inquired about as to Mrs. Thornton, including a finding that she had not been in an emergency; as to Raymond Davis, it was found that his inquired-about act was neither a new cause, nor the sole proximate cause, of the accident.

In protest against the judgment so adverse to them, appellants enumerate three Points-of-Error, all of which, however, are based upon their claim that the argument made by the appellees' attorney to the jury was improper, and constituted reversible error against them, wherein, in referring to the Negro, Raymond Davis, the counsel stated to the jury: "They have put all the blame on this Negro. Why didn't they bring him in?"

The briefs are unduly long, it is thought, upon this single contention, but the Court has carefully considered them, as well as the able oral arguments before it on the submission of the appeal, and has concluded that from the showing made in the record before it as a whole appellants' contentions cannot be sustained.

■ In the first place, it is not perceived that the comprehensive list of inquiries submitted to the jury, under the definitions and other advices contained in the court's charge, did not correctly embody all the material and controlling questions-of-fact raised by the pleadings and evidence; and, further, our appellate courts appear to have threshed over the entire ground of such a controversy as the appeal thus limited gets down to, and, when these holdings and the rules-of-law they embody are applied to the facts so developed and presented here without controversy, it seems to this Court that a single inquiry as to whether or not that rhetorical question contravened any litigious right of the appellants has been foreclosed against them.

As indicated, none of the jury's detailed findings have been questioned by the appellants here, so that the evidence as a whole may not be assumed to have portended anything else, and, when that result is taken into consideration, it becomes plain that counsel's quoted statement neither told the jury anything they did not already know as to where the appellants had put the blame for the accident (because they had plead and testified to it), nor did it even hint at what the Negro had done, or may have testified to.

The rule of law governing the state of case, to which this one is thus reduced, seems to this Court to have been—on the legal equivalent of the same state of facts—

correctly stated in Service Mutual Ins. Co. v. Blain, Tex.Civ.App., 135 S.W.2d 745, error dism., j. cor. Without extending the discussion into the varying states of facts our courts have dealt with, on the subject, these further authorities seem to have likewise applied the law: Airline Motor Coaches v. Bennett, 144 Tex. 36, 187 S.W.2d 982; Consolidated Underwriters v. Foxworth, Tex.Civ.App., 196 S.W.2d 87; Consolidated Underwriters v. Lowrie, Tex. Civ.App., 128 S.W.2d 421; Denbow v. Standard Accident Ins. Co., 143 Tex. 455, 186 S.W.2d 236; Fauth v. First Nat. Bank of Granbury, Tex.Civ.App., 214 S.W.2d 168; Houston Electric Co. v. Potter, Tex. Civ.App., 51 S.W.2d 754; Houston Electric & W. T. Ry. Co. v. Boone, Tex.Civ. App., 131 S.W. 616; Houston E. & W. T. Ry. Co. v. Sherman, Tex. Com.App., 42 S.W.2d 241; Huges v. Belman, Tex.Civ. App., 239 S.W.2d 717; Marek v. Southern Enterprise of Texas, 128 Tex. 377, 99 S.W.2d 594; Missouri-Pac. Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808; Moncada v. Snyder, Tex.Civ.App., 129 S.W.2d 817; Proctor v. Cisco & N. E. Ry. Co., Tex. Com.App., 277 S.W. 1047; Shaw v. Porter, Tex.Civ.App., 190 S.W.2d 396; Tex. Employers Ins. Ass'n v. Crow, Tex.Civ.App., 218 S.W.2d 230.

Appellants rely upon a contrary line of cases, such as Lottman v. Cuilla, Tex.Com. App., 288 S.W. 123, Stewart v. Shoemake, Tex.Civ.App., 225 S.W.2d 873 (N.R.E.), and others, which may be listed in part, as follows: A.B.C. Storage & Moving Co. v. Herron, Tex.Civ.App., 138 S.W.2d 211 (error dism. j. cor.); Armstrong v. Missouri-Kansas-Texas of Texas, Tex.Civ. App., 233 S.W.2d 942 (N.R.E.); El Paso City Lines v. Prieto, Tex.Civ.App., 191 S.W.2d 59; Indemnity Ins. Co. of North Amer. v. Harris, Tex.Civ.App., 53 S.W. 2d 631 (error ref.); Liberty Mutual Ins. Co. v. McDaniel, Tex. Civ. App., 102 S.W. 2d 493; Morgan v. Maunders, Tex.Civ. App., 37 S.W.2d 791 (error dism. WOJ); Pacific Employers Ins. Co. v. Barnett, Tex. Civ.App., 230 S.W.2d 331 (N.R.E.); Safeway Stores v. Brigance, Tex.Civ.App., 118 S.W.2d 812 (error dism.).

 Indeed, counsel for the appellees in this challenged argument, or statement, did not even state what he thought the Negro, Raymond Davis, would have testified to had he been called as a witness; he simply put into an interrogation the failure of the appellants to bring in the person upon whom they, by their pleading and testimony, blamed the whole mishap, from which it would seem to have been a reasonable inference the jury might draw that their contention was not established.

If, however, the trial court committed an error in the respect so complained of, it is not thought to have been such a one as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; McDonald's Texas Civil Practice, Vol. 3, Sec. 13.17.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.